JOHN H. CONNER v. GEORGE A. SAMPSON AND ANOTHER.

An application for a first continuance, which does not show that the witness has been served with a subpœna a reasonable time to enable him to be present at the trial, is defective; because it does not thereby appear, that due diligence has been used to procure the attendance of the witness.

What this reasonable time is, must depend upon the distance of the witness from the court, and other surrounding circumstances.

ERROR from Travis. Tried below before the Hon. A. W. Terrell. Suit by defendants in error against plaintiff in error. Defendant in the court below applied for a continuance, on account of the absence of a material witness; and made affidavit that he had used due diligence to procure his testimony, by having the witness duly subpœnaed, during the term at which the application was made; but it did not appear from the affida-

vit, or otherwise, on the record, at what time, or under what circumstances, the witness was subpœnaed. The court below overruled the application.

*Smith* and *Campbell*, for plaintiff in error.

ROBERTS, J. The application for a continuance is defective in this, that it does not show that the witness had been served with a subpœna, a reasonable time before the trial, to enable him to be present at the trial. The point was decided at Tyler, (1858,) that it must appear from the affidavit, unless it otherwise appear of record, that reasonable time has been given the witness to make necessary preparations to attend the court at the time of the trial, otherwise the party could not be held to have used due diligence to procure his attendance. What this reasonable time is, must depend upon the distance of the witness from the court, and other surrounding circumstances. A party should, if practicable, have his witnesses served with a subpœna before the commencement of the court. If, however, he relies upon having done it during the term, he must show that it has been done a reasonable time before the trial.

This affidavit would be literally true, although the witness had been served with a subpœna twenty miles from the courthouse five hours before the cause was called for trial. There is no return upon a subpœna, or other evidence on the record, which shows that diligence has been used. Without some such exhibition of diligence, in some way or other, upon the record, we cannot say that the court below erred in overruling the application for continuance.

Judgment affirmed.