M. J. McMILLAN v. WM. JONES ET AL.

(Case No. 5649.)

1. VENDOR'S LIEN—AGREEMENT OF PARTIES—EFFECT—JUDGMENT—PRACTICE—A suit being filed by J. against S., wherein it was sought to foreclose a vendor's lien upon a portion of a certain survey, S answered that the title conveyed to him by J. had failed, there being a valid title thereto outstanding in M., and prayed that M. be cited to intervene.   M. appearing at the succeeding term, it was agreed by the three parties that the suit of J. against S. should be continued to a stated term, at which time M. should institute a suit to determine the rights of all the parties, or a judgment by default should be rendered against her as intervenor in the suit of J. against S.   At the term agreed upon, J. filed an amended petition, wherein he asserted title to the entire survey, excepting some parts thereof belonging to other parties, and prayed for the removal of the cloud upon his title, created by the claim of M.   Without notice of the amendment being served upon M., and within a few days after its filing, judgment was rendered against S. for the amount of the purchase money, foreclosing the lien upon the tract sold to S., and by default against M. for the entire survey. *Held :*

(1) The utmost limit of the right of J. or S., on failure of M. to institute the contemplated suit, was to have an adjudication against S. for the money due, with foreclosure of the lien upon the land.   Such a judgment would have been conclusive against M. of *the validity of the title conveyed by J. to S.*

(2) By the amended petition a new cause of action was set up, and it should not have been heard until M. was notified of its nature and given time to answer, or voluntarily appeared for that purpose. .

(3) It was error to adjudge that the title to the survey described in the amended petition belonged to J.

ERROR from Montague.   Tried below before the Hon. F. E. Piner.

November 1, 1882, William Jones instituted suit in the district court of Montague county, for the recovery of the amount due upon

two notes given by J. E. Secrest, each being for $150; and to foreclose a vendor's lien on one hundred acres of land out of the S. A. Mills survey, in Montague county.   The answer of Secrest contained a general denial, and a special plea alleging that the title to the land for which he had given the notes had failed, there being a valid title thereto outstanding, in Mrs. M. J. McMillan, of Leon county, and praying that she be cited to intervene for the protection of her claim. At the same term it was ordered that she be cited to appear, and the cause was continued.   At the May term, 1883, all the parties appeared, and it was agreed that the original suit, brought by Jones, should be continued until December, 1883, and that Mrs. McMillan should, at that term, bring a suit, setting up her claim to the land, in which the rights of the respective parties could be determined; and in case she should fail to institute that suit, judgment by default should be rendered against her as intervenor in the suit of Jones against Secrest.

At the term agreed upon Jones amended his petition, asserting title to the entire Mills survey, except some portions thereof belonging to other parties whose claims he recognized, and praying that the cloud upon his title, created by the claim of Mrs. McMillan, be removed and that he be quieted in his title.   Mrs. McMillan was not notified of the filing of this amendment, and within a few days after it was filed the court rendered a judgment against Secrest for the amount due upon his notes, foreclosing the lien which secured them, and by default against Mrs. McMillan for the entire Mills survey, decreeing the title thereto to belong to William Jones.

*Rugely & Huff*, for plaintiff in error, cited : DeWalt *v.* Snow, 25 Tex., 320; Pendleton *v.* Colville, 49 Tex., 525; Furlow *v.* Miller, 30 Tex., 28; Erskin *v.* Wilson, 27 Tex., 117; King *v.* Goodson, 42 Tex., 152; Hewit *v.* Thomas, 46 Tex., 232; *Id.* 37 Tex., 520; Morrison *v.* Walker, 22 Tex., 18; Weatherford *v.* Van Alstine, 22 Tex., 22.

*Sparks & Smith* and *Stephens, Matlock & Herbert* cited : Foster *v.* Wells, 4 Tex., 101; Weathered *v.* Mays. 4 Tex., 387; Weatherford *v.* Van Alstine, 22 Tex., 22; Daniels' Ch. Pr., 591.

Stayton, Associate Justice.—At the time the agreement between Mrs. McMillan and the plaintiff and defendant was made, through which it was agreed, in the event that Mrs. McMillan did not institute suit against all the parties claiming the entire Mills survey, at the next term of the court, that judgment should go against her for the matter in controversy, there was no controversy except as to the

validity of the title of Jones to the one hundred acres which he had sold to Secrest, and there were no parties to the action other than the parties to that agreement.

The utmost limit of the right of Jones or Secrest under that agreement, on failure of Mrs. McMillan to institute the contemplated suit, was to have an adjudication in favor of Jones against Secrest for the money due with forclosure of the liens claimed by him on the land. Such a judgment would have been conclusive against Mrs. McMillan of the validity of the title conveyed by Jones to Secrest. Instead, however, of pursuing the course which the agreement authorized, Jones amended his petition and asserted title to the whole survey, except some parts thereof which he alleged belonged to other persons who came into the case. Mrs. McMillan was not present, nor was she in any way notified of the new claim set up by Jones or any other party to the suit. Yet, after rendering judgment against Secrest for the sum due by him to Jones, and foreclosing the lien claimed by the latter on one hundred acres of the survey, a judgment was rendered, upon the strength of the agreement, which authorized no such thing, whereby it was declared that Mrs. McMillan had no title to any part of the survey, and it was adjudged to be the property of Jones, and his title thereto quieted, and so, notwithstanding his own pleadings, alleged title in others.

That Mrs. McMillan was entitled to her day in court before her rights in the matter set up by the amended pleadings, filed by Jones on the first day of the December term, 1883, could be acted upon, is too clear. That amendment set up an entirely new cause of action, and it could not be heard until she was duly notified to appear and answer to it, unless she voluntarily appeared for that purpose. This the record shows she did not do. Yet. within a few days after the amendment was filed, early in the same term during which it was filed, the court proceeded to declare that she had no title to any part of the survey; that it belonged to the plaintiff, Jones. This was error.

The judgment will be affirmed in so far as it went in favor of Jones against Secrest, but in all other respects it will be reversed and the cause remanded. It is so ordered.

REVERSED AND REMANDED.

[Opinion delivered April 20, 1886.]