### JEFF CHAISON ET AL. V. BEAUCHAMP BROTHERS ET AL.

### No. 972.

**1. Married Woman—Separate Estate—Conveyance by Husband.**

Land which is the separate property of the wife can not be conveyed by the husband under a power of attorney executed to him by the wife.

**2. Same—Covenants of Warranty.**

Covenants of warranty by a married woman in a deed of her separate property are not binding upon her, but if the husband join with her in such covenants, he may be held liable upon a breach thereof.

**3. Warranty—Covenants by Attorney.**

Where an attorney in fact voluntarily warrants the title of the land conveyed by him as such, he is liable upon the covenants of warranty.

**4. Notice—Chain of Title—Covenants.**

A purchaser of land by deed executed under a power of attorney is chargeable with notice that such power conferred no authority to execute a deed with covenants of warranty.

**5. Ratification—Acceptance of Purchase Money.**

Acceptance of the purchase money by a vendor of land conveyed under a power of attorney which did not authorize covenants of warranty is not a ratification of the action of the agent in executing a deed with such covenants.

**6. Venue—Defendants Residing in Different Counties.**

A defendant can not be sued out of the county of his residence by virtue of being joined with a co-defendant who is not a necessary party to the action, and who resides where the suit is brought; nor by virtue of the joinder with a cause of action to which such resident defendant is a proper party of a separate and distinct cause of action in which he is improperly joined.

APPEAL from Cherokee. Tried below before Hon. J. T. POLLEY.

*Greer & Greer,* for appellants.—1. In a suit on breach of warranty each defendant's liability is tested by the instrument, the breach of

which is sued on, and where the pleading and evidence show that all of the defendants are non-residents of the county in which the suit is pending, except one defendant, whose liability is shown to have been in no way connected with his co-defendants, the court is without jurisdiction to try the case as to such non-resident defendant.

2. A power of attorney which does not specifically authorize the agent to warrant the land conveyed confers no power on the agent to warrant, and a deed made by the agent with covenants of warranty is ultra vires and void, nor is the agent bound by such warranty unless plaintiffs show by pleading and evidence that he received a part of the consideration to his own benefit. 1 White & Wilson, C. C. sec. 1066; Reese v. Medlock, 27 Texas, 120; Arrington v. Moore, 21 Texas, 546; McAlpin v. Cassidy, 17 Texas, 450; 1 Dev. Deeds, sec. 364; Mixon v. Hyseratt, 5 Johns. (N. Y.), 58; Heath v. Mitter, 50 Maine, 378; Collins v. Derward, 4 Texas, Civil App., 339; Frost v. Cattle Co., 81 Texas, 504.

R. McClure and B. B. Cain, for appellees.—1. The question of jurisdiction was waived by appearance and joinder of issues. York v. State, 73 Texas, 651; Railway v. Whatley, 77 Texas, 126; Seguin v. Hanna, 31 Texas, 71; Sam v. Hochstadter, 76 Texas, 162; Kaufman v. Wooters, 79 Texas, 207; Insurance Co. v. Hanna, 31 Texas, 437.

2. Appellants ratified the action of Owens. If a principal accepts under a contract he ratifies it. He cannot accept the benefits of a contract and avoid the responsibility. Henderson v. Railroad, 17 Texas, 575; Wright v. Calhoun, 19 Texas, 420; Reese v. Medlock, 27 Texas, 120; Hamilton v. Brooks, 51 Texas, 142; Prather v. Wilkins, 68 Texas, 137; Hughes v. Driver, 50 Texas, 175; 2 Wilson, C. C., sec. 525.

3. The power of attorney under which Chaison conveyed the property to Spain did not authorize him to warrant the title, and the defendants were not therefore bound; but Chaison, as the husband of Clara Chaison, voluntarily and for value warranted the title himself, and he is therefore liable. Wadkins v. Shumate, 24 S. W. Rep., 385.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was instituted in the District Court of Cherokee County to recover of appellants the value of certain lands sold, as alleged, to appellees by appellants, and of the right to which appellees had been divested by decree of the District Court of the United States for the Eastern District of Texas. The petition alleged that defendants, with the exception of J. J. Spain, were nonresidents of Cherokee County, and gave the residence of each. The averments, upon which the plaintiffs based their suit, were substantially: that the defendants, Jeff Chaison and his wife, Clara, W. H. Baldwin and Harriet P. Sergeant, by deed of conveyance with covenant of warranty, sold to defendant Spain one hundred and sixty acres of the Ann Duncan league of land, situated in said county, for the sum of two hundred and seven dollars; and which land the said Spain, for the consideration of $1600, afterwards conveyed to plaintiffs with general warranty;

that subsequent to plaintiffs' purchase from Spain, to-wit, on the 21st of July, 1887, for the consideration of $2250, they purchased under deed of conveyance, with covenants of warranty, all the "right, title and interest" of said Chaison and wife, and the said W. H. Baldwin and Harriet P. Sergeant, in and to the said Duncan league of land; that the number of acres intended to be sold by said vendors, and to be bought by plaintiffs in said league, under said conveyance, were 642; and by decree of the United States District Court for Eastern Texas plaintiffs had been divested of title to, and ejected from 17-20th of said lands. Defendants, Chaison and wife, Baldwin and Sergeant, filed special pleas to the jurisdiction of the court, averring that they were nonresidents of Cherokee County, and giving their respective residences; and averred further that they had executed no contract to be performed in the county of Cherokee. This plea being overruled, the said defendants filed general and special demurrers to the petition which, besides other issues that need not be here recited, again presented the question of the jurisdiction of the court over their persons, and the right of the plaintiff to sue them in the County of Cherokee; and they also filed plea of general denial; and defendant, Clara Chaison, pleaded coverture.

The cause was tried by the judge of the court without a jury, and judgment was rendered for plaintiffs against defendant Jeff Chaison alone for the sum claimed by them in virtue of the sale of Spain, by deed executed by Chaison, as attorney in fact for his wife, and defendants, Baldwin and Sergeant; and against the said Baldwin, Sergeant and Jeff Chaison for the sum claimed by plaintiffs in virtue of the deed of conveyance, executed by Chaison and wife, Baldwin and Sergeant, for all their right, title and interest in and to said Duncan league of land, to plaintiffs. The defendants all, except defendant Spain, excepted to the judgment, and appealed therefrom to this court. There are several questions presented by the appellants under their assignments, which, under our view of the law and our disposition of the case, we will neither discuss nor determine.

The court correctly held that no recovery could be had by plaintiffs against defendant Clara Chaison. The deed to defendant Spain, as to her, was void; because it was not executed in accordance with article 559, Revised Statutes. The separate land of the wife cannot be conveyed by the husband, under power of attorney executed to him by the wife. Cannon v. Boutwell, 53 Texas, 626. Nor was Mrs. Chaison liable under her warranty in the deed of conveyance executed by herself and her husband and the defendants Baldwin and Sergeant to plaintiffs. Covenants by a married woman in a deed of conveyance of her separate property, are not binding upon her, and can not be enforced. The law empowers a married woman to convey her separate property, upon the conditions and in conformity to the mode prescribed by the statute, but no power is conferred upon her to enter into covenants with the purchaser. Her disabilities at common law still remain, except so far as removed by statute. Wadkins v. Watson, 24 S. W. Rep., 385. While

the wife cannot covenant, if her husband does, in their joint deed conveying her separate property, be becomes liable to the vendee upon a breach of the covenant. The court therefore did not err in rendering judgment against the defendant, Jeff Chaison, upon his warranty of title in the deed to Spain. The plaintiffs rightly recover of him to the extent of his wife's interest in the land from which plaintiffs had been ejected. Nor did the court err in holding that the power of attorney from defendants Baldwin and Sergeant to Chaison did not confer authority on him to convey their land with warranty of title, and in refusing to render judgment against them upon the covenant of warranty in the deed executed for them by Chaison. Their acceptance of the purchase money can not be held to be a ratification of the act of their agent in executing a conveyance with warranty of title. Spain, the purchaser, and his vendees, the plaintiffs, are charged with knowledge by the power of attorney under which Chaison made the sale, that he had no authority to warrant the title to the land.

The appellees contend that the court properly overruled appellants' exceptions to the petition raising the question of venue, and properly sustained plaintiffs' exceptions to appellants' plea of privilege. It is well settled that to authorize a suit against a defendant in a county other than the one in which he has his domicile, under the fourth exception to article 1198 of the Revised Statutes, his co-defendant must be a necessary, as well as a proper party. Holloway v. Blum, 60 Texas, 625. In this case, the defendant Spain was not a proper party to a suit by plaintiffs against appellants upon the alleged breach of their warranty in their deed conveying all their "right, title and interest" in the Duncan league to appellees. This being so, the joinder of defendant Spain by plaintiffs in the suit did not give the court jurisdiction over the persons of appellants, so far as the plaintiffs sought to recover of appellants upon the alleged breach of their warranty, given in their said deed to appellees; and the court erred in sustaining appellees' exceptions to appellants' plea of privilege, and in overruling appellants' exceptions to the petition, which raised the question of venue. The appellees,. according to the averments of their petition, and their construction of the conveyance made to them by appellants, had a joint cause of action against the vendors in that deed; and they also had, according to their averments, and their contention as to the legal effect of the sale made by Jeff Chaison, as the attorney in fact of his co-appellants, to Spain, and the subsequent sale of the same land to them by Spain, a joint cause of action against Spain and Chaison and wife and defendants, Baldwin and Sergeant; but by uniting these two causes of action in one suit, appellees could not fix the venue in Cherokee County, and thus deprive the appellants of their statutory privilege of exemption from being sued in the county in which one or more of them had his or their domicile. The court therefore erroneously rendered judgment against appellants in virtue of the alleged breach of the warranty contained in appellants' deed to appellees, and for this error the judgment must be reversed.

The appellant Jeff Chaison having voluntarily warranted the title to the land conveyed by him to Spain, the plaintiffs had a joint cause of action against him and the defendant Spain; and under article 1198a of the Revised Statutes, we are of the opinion that this suit, as to those defendants, was properly brought in Cherokee County. The judgment of the lower court against appellants is therefore reversed; and this court, proceeding to render such judgment as that court should have rendered, adjudges and orders. that appellees have and recover of the appellant Jeff Chaison the sum of $55.65, with interest at the rate of six per centum per annum from June 9, 1892; that sum, when collected, to be credited on the judgment rendered in this cause by the lower court in favor of appellees against the defendant J. J. Spain; and that the appellants, Jeff Chaison and W. H. Baldwin and Harriet P. Sergeant, recover of appellees the costs of this appeal; and that the said Baldwin and Sergeant and Mrs. Clara Chaison recover their costs of appellees in the lower court.

*Reversed and rendered.*

Delivered January 16, 1896.

Writ of error refused.