CHARLES GAMER v. J. T. THOMSON ET AL.

Decided March 23, 1904.

**1.—Unaccepted Draft.**
An unaccepted draft is no evidence of indebtedness against the drawee.

**2.—Same—Assignment of Debt—Plea of Privilege.**
An unaccepted draft, unless so framed as to constitute an assignment of the debt of drawee to drawer,' does not have that effect; the drawee is not, then, a necessary or proper party to a suit on the draft, and may claim his privilege of being sued in the county of his residence, though joined as defendant with the drawer and indorsers who reside in the county where suit is brought.

Appeal from the County Court of Tom Green. Tried below before Hon. Milton Mays.

*K. C. Barkley* and *Hill & Lee,* for appellant.

*Jos. Spence, Jr.,* and *T. C. Wynn,* for appellees.

KEY, ASSOCIATE JUSTICE.—On August 7, 1901, J. S. Miles drew a written draft on appellant and in favor of D. D. Wallace for $128. Wallace indorsed the draft to the Concho National Bank, and the bank transferred it to J. T. Thomson. The draft was never accepted by appellant. Miles, Wallace and Thomson reside in Tom Green County and appellant resides in Tarrant County.

Thomson brought suit on the draft in Tom Green County, making Miles, Wallace and appellant defendants. Appellant interposed a plea to the jurisdiction of the court over him, asserting his privilege to be sued in Tarrant County. At the trial judgment was rendered for the plaintiff against all of the defendants, and the defendant Gamer has appealed.

We sustain the fifth assignment of error, which complains of the refusal of a special instruction, to the effect that the unaccepted draft was no evidence of indebtedness upon the part of the defendant Gamer.

We also sustain appellant's contention to the effect that his plea of privilege was well taken. In House v. Kountze, 17 Texas Civ. App., 402, it was held that the holder of an unaccepted bank check could not maintain an action thereon against the bank. That was the only point involved in that case; and while the authorities, as stated in the opinion, are in conflict, as the Supreme Court refused to grant a writ of error, we regard the case as settling the point in this State. The rule there announced was followed by this court in Terry v. Dale, 27 Texas Civ. App., 1, 65 S. W. Rep., 396. The decisions which support the case of House v. Kountze maintain that merely drawing and delivering a check or draft does not assign the debt or any portion thereof, and that until the drawee accepts he does not become liable to the payee named in the instrument. When the instrument is so framed as to assign any

portion of a debt or fund, the rule is different. Harris County v. Campbell, 68 Texas, 22; Texas Builders' Supply Co. v. National Loan and Inv. Co., 22 Texas Civ. App., 349, 54 S. W. Rep., 1059. In this case, however, there is no room for such construction, and the rule announced in House v. Kountze, supra, must prevail. There is nothing in the record to indicate a verbal assignment of the debt, such as was shown in Clark v. Gillespie, 70 Texas, 516; and therefore, as the case is here presented, it must be held that appellant, not being liable on the draft, was neither a necessary nor a proper party.

For the error indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*