ATCHISON, TOPEKA & SANTA FE RY. CO. v. WADDELL BROS.

Decided March 11, 1905.

**Jurisdiction—Fraudulent Joinder of Defendant not Liable—Plea of Privilege.**

Where plaintiff, having a claim of damages against a railway company, joins in the suit as a defendant another company, against which he has no bona fide claim, and solely for the purpose of giving jurisdiction to the court where the suit is brought, such joinder is fraudulent, and a plea of privilege on the part of the defendant so joined should be sustained. Evidence held to show that the joinder in this case was fraudulently made for jurisdictional purposes only.

Appeal from the County Court of Midland. Tried below before Hon. L. M. Murphy.

*Ed J. Hamner* and *J. W. Terry,* for appellant.

*Hawkins, Isaacs & Gibbs,* for appellee.

SPEER, ASSOCIATE JUSTICE.—The first and second assignments of error present as error the action of the trial court in refusing to sustain the appellant's plea of privilege. Whether or not the plea should have been sustained depends upon the sufficiency of the evidence to establish the truth of appellant's plea, wherein it alleges that plaintiffs have falsely and fraudulently joined in this suit the Texas & Pacific Railway Company as a defendant for the sole purpose of giving to the County Court of Midland County jurisdiction, and that the allegations in such petition alleging a joint contract with the Texas & Pacific Company were false, and fraudulently made for the same purpose, it being otherwise undisputed that appellant was not suable in Midland County. The evidence discloses very pointedly that the Texas & Pacific Company was in no way liable in the suit. This fact alone we have held does not necessarily show that the allegation of liability was false or fraudulently made. Atchison, T. & S. F. Ry. Co. v. Williams (ante, 405), 86 S. W., 38. But beyond this the appellees' testimony showed undisputedly that no claim for damages existed, or had ever existed, against the Texas & Pacific. The member of the firm having in charge this matter never at any time claimed anything against that road, and never au-

thorized any one to make such claim. The first intimation of liability against that road was made in the petition filed in this case. It clearly appears that the only liability against any of the defendants sued which could have been reasonably claimed was for damages for the ten head of cattle lost, which loss occurred after the cattle had left the line of the Texas & Pacific Road. No other person testified upon the issue of good faith in joining the Texas & Pacific as a defendant. The evidence being, as we have indicated, such as necessary to show that the Texas & Pacific was joined for jurisdictional purposes only, it was in law fraudulent, and the court should have so found.

Reversed and dismissed.

*Reversed and dismissed.*