RAGLEY–McWILLIAMS LUMBER CO. v. DAVIDSON et al.

(Court of Civil Appeals of Texas. Galveston. Dec. 12, 1912.)

1. HUSBAND AND WIFE (§ 267*)—COMMUNITY PROPERTY—CONVEYANCE BY HUSBAND.

Under Rev. St. 1895, art. 2968, authorizing a husband to manage, control, and dispose of community property, the husband, in the absence of fraud on the rights of his wife, was competent to convey community land, no homestead rights being involved, without joinder of the wife.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 896, 929–952; Dec. Dig. § 267.*]

2. HUSBAND AND WIFE (§ 267*)—COMMUNITY PROPERTY—CONVEYANCE BY HUSBAND.

A husband's power to convey community property, not burdened with homestead rights, in the absence of fraud on the rights of the wife, without her joining, conferred by Rev. St. 1895, art. 2968, continues until the marriage relation is legally dissolved.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 896, 929–952; Dec. Dig. § 267.*]

3. HUSBAND AND WIFE (§ 270*)—COMMUNITY PROPERTY—CONVEYANCE BY HUSBAND—INVALIDITY—BURDEN OF PROOF.

The burden is on one claiming that a husband's separate conveyance of community real estate is invalid to prove the facts and circumstances invalidating it.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 968–988; Dec. Dig. § 270.*]

4. HUSBAND AND WIFE (§ 267*)—COMMUNITY PROPERTY—CONVEYANCE BY HUSBAND—TERMINATION OF AUTHORITY—SEPARATION.

That husband and wife were living apart, and had been separated for several years, did not of itself deprive the husband of the authority to convey community real property by separate deed, nor was it sufficient to show that such conveyance was fraudulent as to the wife.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 896, 929–952; Dec. Dig. § 267.*]

5. HUSBAND AND WIFE (§ 270*)—COMMUNITY PROPERTY—CONVEYANCE BY HUSBAND—INNOCENT PURCHASERS.

Where a husband during the continuance of the marriage, but long after separation, conveyed community real property by his sole deed, evidence that it was generally known in the neighborhood that the husband and wife were separated, and that the land was community property, was insufficient to raise an inference of fraud or charge the purchaser with notice of a fraudulent intent of the husband to deprive the wife of her interest therein.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 968–988; Dec. Dig. § 270.*]

Appeal from District Court, Sabine County; W. B. Powell, Judge.

Action by J. O. Davidson and others against the Ragley-McWilliams Lumber Company. From so much of the judgment as decreed that plaintiffs, other than Rebecca Stone, were entitled to certain interest in the land in controversy, defendant appeals. Reversed and remanded.

Goodrich & Lewis, of Hemphill, for appellant.

REESE, J. In this case J. O. Davidson, H. C. Maund, and Rebecca Stone, joined by her husband, E. N. Stone, sued the Ragley-McWilliams Lumber Company in trespass to try title to recover a tract of 200 acres of land in Sabine county, fully described in the petition. Defendants answered by general demurrer, general denial, and plea of not guilty. The case was tried without a jury, resulting in a judgment for the recovery by plaintiffs of an undivided interest of 100 acres of the tract sued for, of which undivided interest an undivided interest of 50 acres was adjudged to Mrs. Stone. In legal effect plaintiff Davidson and Maund recovered jointly an undivided one-fourth of the 200 acres, and Mrs. Stone an undivided one-fourth. From this judgment in favor of J. O. Davidson and H. C. Maund the defendant prosecutes this appeal. The appeal bond is payable only to these parties, so the judgment in so far as it adjudges the undi-

vided interest of 50 acres to Mrs. Stone is not appealed from and will not be disturbed.

The trial court prepared and filed conclusions of fact and law, from which it appears that the 200 acres was the community property of one Joe Mealey Cosgrove and his wife, the plaintiff Rebecca Stone. The land seems to have been bought for a homestead, but the court found that it had been abandoned as a homestead before the sale thereof by Cosgrove hereinafter referred to, and this finding is not attacked in any way, and is fully supported by the evidence. Mr. and Mrs. Cosgrove were married some time prior to 1891, and the land was purchased in 1891 and conveyed to Cosgrove by deed during that year. Shortly afterwards Cosgrove and his wife separated. She testified that she refused to live with him on account of his cruel treatment of her. At any rate, he left, and some years afterwards, his wife thinking he was dead, as she testifies, married the plaintiff E. N. Stone, with whom she is now living. But Cosgrove was not dead. Far from it. On the contrary, in 1903 he sold and conveyed the entire tract to J. D. La Brie, from whom it was acquired, by proper transfers, by appellant the Ragley-McWilliams Lumber Company. In 1906 Mrs. Stone and her Stone husband executed to J. O. Davidson and H. C. Maund a power of attorney coupled with a half interest in the land. The court found, and the finding is supported by the evidence, that La Brie and those holding under him knew that the land was community property of Cosgrove and his wife, that it was at one time their homestead, and that they had separated, and were not living together as husband and wife at the time Cosgrove sold to La Brie. The trial court also finds that Cosgrove appropriated the proceeds of the sale to his own use, but we have searched the statement of facts thoroughly and find no evidence to support this finding. Mrs. Stone, who testified at length both orally and by deposition, does not testify that she did not receive the purchase money or any part of it. She does state that Cosgrove had never done anything towards the support of their two children, but objection to this statement was made by defendant, which was sustained. Even this statement, which would not sustain the finding of the court referred to, cannot be considered. The court finds that the sale by Cosgrove to La Brie was a fraud upon the wife, basing such conclusion largely upon the finding that she got none of the proceeds, but does not find as a fact that La Brie and those holding under him had any notice or knowledge of the fraud, or any facts upon which such charge as fraud upon the wife could be based, except that the land was community property, had been once a homestead, but since abandoned, and that the husband and wife were living apart at the time of the sale. We find nothing in the record that would indicate that La Brie or appellant had any such knowledge or notice, except the statement of a witness that everybody in the neighborhood knew that the property had once been the homestead of Cosgrove and wife, and that they had separated, and were living apart from each other.

The correctness of the judgment is assailed by proper assignments of error on the grounds of the insufficiency of the evidence to show, first, that the sale was a fraud upon the rights of the wife; and, second, that if it was, La Brie or appellant, as purchaser of his title, had notice of such fraud. We find no brief for appellees.

[1] The land being community property of Cosgrove and wife, and no homestead rights being involved, Cosgrove had the right to dispose of the same by sale and conveyance without joinder by the wife. R. S. 2968. Under this general power to manage, control, and dispose of the community property, however, the husband would not be allowed to make such disposition of it as would be a fraud upon her rights as the owner of one-half of it. Smitheal v. Smith, 10 Tex. Civ. App. 446, 31 S. W. 422; Martin v. McAllister, 94 Tex. 567, 63 S. W. 624; Purdom v. Boyd, 82 Tex. 130, 17 S. W. 606; Moody v. Smoot, 78 Tex. 123, 14 S. W. 285.

[2] This power of control and disposition continues as long as the marriage relation is not dissolved in some legal way. What would be such a disposition of the property as would be set aside as in fraud of the rights of the wife it is not necessary clearly to define, if indeed it could be done, but it seems to us that the evidence in this record falls short of making such a case. Prima facie, the property being community and the marriage legally subsisting, the husband's deed is valid.

[3] The burden would rest upon any one claiming otherwise to establish the circumstances relied upon to invalidate it.

[4] The only fact so relied upon, as shown by this record, is that the parties were living apart, and had been separated for several years when the deed was made. This of itself did not deprive the husband of the power to convey, and cannot be held sufficient evidence that such conveyance was fraudulent. The deed being regular, the presumptions are in its favor, not against it.

[5] Another fact necessary to be shown in order to authorize the court to set aside the deed is that it be made to appear that the parties adversely interested are not innocent purchasers. Harris v. Hardeman, 15 Tex. 468. Mrs. Cosgrove in attacking this deed would have the burden also as to this. The only evidence that squints in this direction in this record is the testimony of McElroy that everybody in the neighborhood knew that Cosgrove and his wife were separated, and that this was community prop-

erty. If this fact was not sufficient to authorize the inference of fraud, in the conveyance, notice of this fact alone would not be sufficient to affect the purchaser with notice of Cosgrove's fraudulent intent in making the deed. We think the evidence fails totally on these points, and the judgment must be reversed and the cause remanded. This applies only to the judgment in favor of J. O. Davidson and H. C. Maund for an undivided 50 acres of the land sued for. The judgment in favor of Mrs. E. N. Stone and husband for the other undivided 50 acres, not having been appealed from, is not disturbed.

Reversed and remanded.