THOMAS GOGGAN & BROS. v. MORRISON et ux.

(Court of Civil Appeals of Texas. Austin. Nov. 26, 1913. On Motion for Rehearing, Jan. 28, 1914.)

1. ABATEMENT AND REVIVAL (§ 8*)—GROUNDS OF ABATEMENT—ANOTHER ACTION PENDING.
A pending action in another county, brought by the payees of a check against the makers to enforce its payment, could be pleaded in abatement of an action by the makers against the payees and the bank on which the check was drawn to cancel the check and enjoin the payees from prosecuting their suit and the bank from paying the check; the subject-matter being the same, and makers being entitled to set up their present cause of action as a defense in the other action.
[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 39–56, 58–63, 68–72; Dec. Dig. § 8.*]

2. COURTS (§ 475*)—CONCURRENT JURISDICTION—PENDING ACTION.
Suits cannot be maintained at the same time in two counties in different courts having concurrent jurisdiction, where the parties and the subject-matter are the same, but the court first obtaining jurisdiction will have exclusive jurisdiction of the suit.
[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1229, 1231–1239, 1247–1259; Dec. Dig. § 475.*]

3. VENUE (§ 7*)—COUNTY OF DOMICILE.
Under Rev. Civ. St. 1911, art. 1830, cl. 5, prohibiting one from being sued out of the county of his domicile, except where he has contracted in writing to perform an obligation in any particular county, when he may be sued therein, defendant must have contracted in writing to perform the contract relied on, to authorize suing him in such county.
[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 13–16; Dec. Dig. § 7.*]

4. VENUE (§ 22*)—DOMICILE OF DEFENDANT—UNNECESSARY PARTIES.
If another, joined as defendant, was not a proper party to the action, such joinder would not give the court jurisdiction of an action against the other defendant brought in a county other than his domicile.
[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 35–37; Dec. Dig. § 22.*]

5. VENUE (§ 22*)—COUNTY OF DOMICILE.
Where the petition, in an action against the payees of a check and the bank on which it was drawn to enjoin the enforcement of the check and to cancel the check, did not allege a tort or joint contract, so as to make the bank liable, the joinder of the bank did not confer jurisdiction to maintain an action against the payees in a county out of their domicile.
[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 35–37; Dec. Dig. § 22.*]

6. PARTIES (§ 25*) — CHECKS — LIABILITY OF BANK.
Since the drawing of a check created no obligation by the bank in favor of the payee in absence of acceptance by the bank, and it would be liable upon paying it, if ordered not to do so by the maker, the bank was not a proper party defendant in an action by the maker of a check on the bank for goods purchased to cancel the check and shipping order and enjoin the prosecution of a suit to enforce payment of the check by the seller of the goods.
[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 31, 36–40; Dec. Dig. § 25.*]

7. VENUE (§ 8*) — COUNTY OF DOMICILE — WRONGFUL GARNISHMENT.
Rev. Civ. St. 1911, art. 1830, cl. 9, provides that, where the foundation of a suit is a trespass, for which a civil action for damages may lie, suit may be brought either in the county where the trespass was committed or in that of defendant's domicile, and subdivision 8 permits an action for damages for wrongfully suing out of an attachment to be brought in the county where the writ was issued or levied, but makes no provision for actions for damages from abusing garnishment process. Held, that an action for damages for maliciously suing out a writ of garnishment could not be maintained in the county in which the garnished funds

were located instead of that of defendant's domicile.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 17; Dec. Dig. § 8.*]

8. **PLEADING** (§ 111*)—**PLEA OF PRIVILEGE—NECESSITY OF PROOF.**

A plea of privilege to be sued in the county of defendant's domicile may be raised by exception without an offer of proof to sustain it, where plaintiff's pleadings disclose the facts upon which the plea is based.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 234–236; Dec. Dig. § 111.*]

9. **PROCESS** (§ 6*)—**AMENDED PETITION—NOTICE TO OPPOSITE PARTY—NECESSITY.**

Under Rev. Civ. St. 1911, art. 1824, providing that, where an amended pleading is filed in vacation, five days' notice thereof must be given to the opposite party, defendant was entitled to notice of the filing of an amended petition alleging a new cause of action, though it had filed exceptions to the original petition.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 5; Dec. Dig. § 6.*]

10. **JUDGMENT** (§ 525*)—**CONSTRUCTION.**

A judgment recited that the case came on regularly for trial and plaintiffs announced ready for trial, and it appearing to the court that defendant bank had been duly cited as required by law and had duly filed its answer and appeared, and, notwithstanding such fact, neither of the defendants appeared further, and offered no objection why judgment should not be rendered for plaintiffs, and all matters of fact as well as of law were submitted to the court "and the court having heard the pleadings, the evidence, and the argument of counsel, and fully understanding the matter, it is of the opinion that the law is with the plaintiffs," after which judgment was entered for plaintiffs as stated. *Held,* that the judgment showed that the court passed upon defendant's defenses in rendering judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 568, 968, 982½; Dec. Dig. § 525.*]

On Motion for Rehearing.

11. **APPEAL AND ERROR** (§ 715*)—**RECORD—AFFIDAVITS.**

An affidavit of counsel for plaintiff as to the dismissal of another suit cannot be considered on appeal, being no part of the appellate record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2964, 2965, 3273; Dec. Dig. § 715.*]

12. **JUDGMENT** (§ 17*)—**PLEADINGS TO SUPPORT.**

Where a judgment for plaintiff was rendered on an amended petition alleging a new cause of action not set up in the original pleadings, and of the filing of which defendant had neither actual nor constructive notice, and neither he nor his counsel were present in court at trial, the judgment will be set aside in direct proceedings for that purpose.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 25–33, 157, 422; Dec. Dig. § 17.*]

Error to Milam County Court; John Watson, Judge.

Suit by W. A. Morrison and wife against Thomas Goggan & Bros. Judgment for plaintiffs, and defendants bring error. Reversed, and remanded, with instructions.

James B. & Charles J. Stubbs, of Galveston, for plaintiffs in error. W. A. Morrison, of Cameron, for defendants in error.

RICE, J. On the 12th of July, 1912, as appears from the pleadings, Mrs. W. A. Morrison, while in Galveston, contracted to purchase from Goggan & Bros., a corporation, an Emerson piano, stool, and scarf for the sum of $332.50, executing and delivering to it in payment therefor her personal check on the Citizens' National Bank of Cameron, Tex., for said sum, payable to the order of plaintiff in error, and at the same time signing and delivering to it a shipping order, promising payment therefor in Galveston county, and containing other stipulations of the purchase. On returning to Cameron the next day, she wired plaintiff in error, countermanding said order, and notified said bank not to pay said check, which said telegram was promptly delivered to plaintiff in error, notwithstanding which it shipped said piano, etc., to her address at Cameron, Tex., which she refused to receive. Payment of said check being refused by the bank, plaintiff in error thereafter brought suit in the county court of Galveston county against her and her husband, W. A. Morrison, to enforce payment thereof, alleging that he had acted with her in said purchase and execution of said check; in which suit defendants in error appeared and urged their plea of privilege to be sued in Milam county, which was overruled and cause set down for trial. Thereafter, on the 25th of September, 1912, Morrison and wife brought this suit in the county court of Milam county against plaintiff in error and the Citizens' National Bank of Cameron to cancel said check and shipping order, and to enjoin plaintiff in error from prosecuting its suit and said bank from the payment of said check.

Plaintiff in error on October 7th filed exceptions to the original petition, because it appeared therefrom that the county court of Milam county had no jurisdiction over it, and that it appeared therefrom that its domicile and places of business were in Galveston and elsewhere, but not in Milam county, when said suit was filed, and because it did not appear that the cause of action or any part thereof arose in said county, nor that its principal office was situated therein, or that it had an agent or representative in Milam county. It further excepted on the ground that said petition failed to show that the cause of action sought to be alleged came within any of the exceptions to exclusive venue in the county or counties designated in clause 24 of article 1830, R. S., or in other clauses thereof, or in article 1834 and article 2308 of the Revised Civil Statutes; and further because it failed to state a cause of action against the Citizens' National Bank, and it did not appear to be a necessary or proper party thereto; and likewise filed its plea of personal privilege to be sued in Galveston county, the county of its residence, setting

up also in abatement the pendency of the Galveston county suit.

On October 11, 1912, Morrison and wife filed their first amended original petition, in lieu of their original petition, filed September 25, 1912, and to the averments in the latter added the following: That Goggan & Bros., for the malicious purpose of injuring and harrassing them, on August 21, 1912, sued out a writ of garnishment in the Galveston county case, causing same to be served upon the Citizens' National Bank of Cameron, in which bank both plaintiffs had money on deposit, more than sufficient to pay the sum mentioned in the garnishment, and that by service of said writ plaintiff in error, in furtherance of its purpose to annoy them, procured said sums to be impounded in said bank, and thereby became liable to pay them legal interest thereon from August 22, 1912, to the end of this suit, alleging that the issuance and service of said writ was without probable cause and was maliciously sued out in order to injure them; claiming $500 exemplary damages, which was not claimed in their original petition, together with $75 actual damages, which was $25 more than was alleged in their original petition, and pleaded expense and trouble of having to travel to Galveston as additional grounds for exemplary damages, repeating their prayer for injunction.

A jury having been waived, judgment was rendered in the case on the same day the amended petition was filed, against plaintiff in error for $67.15 actual and $100 exemplary damages, and the injunction against it and the bank was perpetuated, and the writ of garnishment declared canceled, as well as the check and contract, and the bank enjoined from answering the garnishment or from paying the money mentioned in the check or any other amount, relieving the plaintiffs from all liability by reason of said contract, check, and garnishment, and enjoining plaintiff in error from transferring both said check and said contract, and requiring that it deposit both in said court for cancellation, from which judgment this writ of error is sued out.

It is urged by plaintiff in error that the court erred in rendering judgment against it for various reasons: First, on the ground that its objections to the jurisdiction of the court and its plea of privilege were not sustained; and second, that it erred in not sustaining its plea in abatement; and likewise contended that neither plaintiffs' original nor amended petition showed any cause of action against it; and further erred in rendering judgment against it on said amended petition, for the reason that the same set up new causes of action, in addition to those alleged in the original petition; and that it nowhere appears in the record that plaintiff in error had notice of the filing of said amended petition, or appeared and answered thereto.

[1] We will now discuss these questions, not, however, in the order named. First, Did the court err in overruling the plea in abatement, setting up the pendency of the Galveston suit? We think so. It clearly appears from the pleadings of defendant in error that another suit was pending in Galveston county between the same parties, involving the same subject-matter, and in which the defendants in error could have asserted, as a defense, the same cause of action set up in the Milam county suit. This being true, we think, as a matter of comity and public policy, it ought to defeat their right to prosecute this suit.

[2] Two courts of concurrent jurisdiction will not, at the same time, entertain a suit between the same parties over the same subject-matter; but the court first obtaining jurisdiction will hold it to the exclusion of the other. 11 Cyc. p. 985, subd. 2; Bonner v. Hearne, 75 Tex. 242, 12 S. W. 38; Texas Trunk Ry. Co. v. Lewis, 81 Tex. 1, 16 S. W. 647, 26 Am. St. Rep. 776; Arthur v. Batte, 42 Tex. 160; Stone v. Byars, 32 Tex. Civ. App. 154, 73 S. W. 1086; McCorkle v. McCorkle, 25 Tex. Civ. App. 149, 60 S. W. 434; State v. Burnett, 9 Tex. 43; Clepper v. State, 4 Tex. 245.

In Cyc., supra, it is said: "Where two actions between the same parties on the same subject, and to test the same rights, are brought in different courts having concurrent jurisdiction, the court which first acquires jurisdiction, its power being adequate to the administration of complete justice, retains its jurisdiction and may dispose of the whole controversy." Again, in 1 Cyc. 21, it is said that: "It is a general principal of the law that the pendency of a prior suit for the same thing; or, as is commonly said, for the same cause of action between the same parties in a court of competent jurisdiction will abate a later suit. The principle on which pleas of another action pending are sustained is that the law, which abhors a multiplicity of suits, will not permit a debtor to be harrassed and oppressed by two actions to recover the same demand, where the creditor can obtain a complete remedy by one of them." It is said further, in the same work (page 22) that: "The rule, however, is not one of unbending rigor or of universal application; nor is it a principle of absolute law. It is rather a rule of justice and equity generally applicable, and always so, where the two suits are virtually alike and in the same jurisdiction." But it is said in 1 Cyc. p. 34, subd. 5, that: "The plea of a prior action pending applies only where plaintiff in both suits is the same person and both are commenced by himself, and not to cases where there are cross-suits by plaintiff in one suit, who is a defendant in the other," citing cases from various states in support of the text. An examination of these cases discloses that some are not applicable, for the reason that they were between different parties; others

because the points raised were different in character; some on account of the fact that one was a suit in equity, whereas the other was in a court of law; while others amply support the text. It is contended, however, by defendants in error that this general doctrine does not obtain in Texas, citing in support of their insistence Garza v. Piano Co., 126 S. W. 906; Gin Co. v. Mill Co., 152 S. W. 856; Ins. Co. v. Hargus, 99 S. W. 580. The first two cases are in accord with their contention and should be followed, if announcing the correct doctrine; but to do so, in our opinion, would likely result in such confusion and conflict as justifies us, we think, in declining to follow them. The earlier cases in Texas where the question is discussed seem to hold, as stated in the syllabus in Payne v. Benham, supra, that: "A plea of former suit pending for the same cause of action, if sustained, will not abate the latter suit, but the plaintiff will be put to his election which suit he will prosecute, and be required to abandon the other and pay the costs of it." See, also, Trawick v. Martin-Brown Co., 74 Tex. 522, 12 S. W. 216; Ry. Co. v. Barton, 24 Tex. Civ. App. 122, 57 S. W. 292. Those were cases, however, in which the plaintiff was undertaking to prosecute two separate and distinct suits against the same defendant, whereas, in the present case the parties are reversed. We cannot think, however, that this should make any material difference in principle, because the same results would follow in either event. If two suits between different parties could be maintained in different courts at the same time, involving the same subject-matter, the anomolous condition would be presented of one court ordering the performance of a certain thing which the other might forbid. The present case affords an apt illustration of such conflict. If in Galveston Case should go in favor of plaintiff in error, then such judgment would permit a recovery by it of the amount of said check against defendants in error, as well as against the garnishee for the amount shown to be due by it to defendants in error, with process to enforce it; whereas, if defendants in error recover in the Milam county suit, its judgment would cancel said check and shipping order, and forbid the payment thereof by the Milam county bank and require their surrender for cancellation, a condition of things, we think, never contemplated in our jurisprudence. And, if it were permissible for the same parties to file two, what would prevent their filing any number of suits in different courts, involving the same subject-matter? thus producing interminable confusion and controversy; whereas, if the rule asserted by us announces the correct doctrine, no such confusion could exist, and but one judgment could be entered. We believe that the court below erred in failing to sustain said plea, for the reasons stated.

However, it is not necessary to base our decision solely upon this phase of the case, since it must, in any event, be reversed, for reasons hereinafter stated on other features of the case as made by the record.

We think the exceptions presented to the jurisdiction of the court should have been sustained, for the reason that it appeared from the averments of the petition in the Milam county suit that said court had no jurisdiction over plaintiff in error. But it is contended by defendants in error that said jurisdiction should be sustained for several reasons: First, because it is alleged that said contract was to be performed in Milam county; second, because the bank, whose residence is in Milam county, was made a party defendant therein; and third, because funds belonging to defendants in error were impounded in the Milam county bank by reason of the garnishment proceedings.

[3] With reference to the first insistence, it is sufficient to say that it is not averred that plaintiff in error contracted in writing to perform any obligation or do any particular thing in Milam county, and therefore it could not be held in such county. See clause 5, art. 1830, R. S. 1911.

[4] With reference to the second contention, it is sufficient to say that, if the bank is not a proper or necessary party, then the mere fact of its being joined as defendant would not give jurisdiction to said court. See House v. Kountze Bros., 17 Tex. Civ. App. 402, 43 S. W. 561; Chaison v. Beauchamp, 12 Tex. Civ. App. 109, 34 S. W. 303.

[5] Petition fails to show cause of action against the bank. Railway Co. v. Land & Lumber Co., 54 S. W. 324; Russell v. Heitmann & Co., 86 S. W. 75; Ry. Co. v. Mangum, 68 Tex. 342, 4 S. W. 617. No joint tort nor joint contract is alleged; hence joining the bank did not confer jurisdiction over plaintiff in error. Edwards v. Buchanan, 14 Tex. Civ. App. 268, 36 S. W. 1022. See, also, Sass v. Ry. Co., 17 Tex. Civ. App. 603, 43 S. W. 271.

[6] So the question recurs as to whether said bank was a proper or necessary party. Defendants in error alleged that they had on deposit in said Milam county bank a greater amount than necessary to pay said check, and made said bank a party for the purpose of enjoining the payment thereof. The mere fact that a check was drawn by Mrs. Morrison against said bank, in the absence of an acceptance by the bank, created no obligation against it in favor of the drawee, and was not binding upon it. See Garner v. Thomson, 35 Tex. Civ. App. 283, 79 S. W. 1083; Atchison, etc., Ry. Co. v. Waddell, 38 Tex. Civ. App. 434, 86 S. W. 655; 17 En. Dig. Tex. Repts. 471–473. And, if the bank had paid said check after the defendants in error had ordered it not to do so, then it became liable to them therefor. So we conclude that the bank, under the averments in the pleadings, was neither a necessary nor a proper party to this suit, and therefore jurisdiction cannot be sustained in Milam county on this ground.

[7] But it is contended by defendants in error that the impounding of the funds by the writ of garnishment was such a trespass on their property as would give jurisdiction in Milam county under clause 9 of article 1830, R. S. 1911; wherein it is said that, where the foundation of a suit is a trespass for which a civil action in damages may lie, then the suit may be brought in the county where such trespass was committed, or in the county where the defendant has his domicile. While we concede that the unlawful and fraudulent suing out of the writ of garnishment would furnish the basis for a suit against the defendant so abusing the process of the court, still this furnishes no reason why the suit to recover damages therefor could be brought in another county than that of the residence of the defendant. See Hubbard v. Lord, 59 Tex. 384; Townes on Pleading, pp. 221 to 224. The fact that the defendants in error had deposited funds in the Milam county bank gave them no right to any particular dollar in said bank, but simply created the obligation of creditor and debtor between them and said bank; and the mere suing out of a writ of garnishment, however wrongful the same may have been, constituted, in our judgment, no trespass against their property in Milam county, because such bank had none in their possession. The fact that our statute permits an action for damages to be brought against one who wrongfully sues out a writ of attachment or sequestration in the county where issued or levied, and fails to make any such like provision covering the issuance and service of writs of garnishment, is significant, at least, that it was not intended that suits for the wrongful issuance or levy of such writs could be brought in any county other than the residence of the defendant. Subdivision 8 of article 1830, R. S. 1911, was first enacted on March 29, 1889, and prior thereto suits to recover damages for the wrongful issue and levy of attachments could not be maintained against the plaintiff in attachment in any other county than that of his residence, except it be alleged and shown that the writ was not only unlawfully and wrongfully sued out, but, in addition, that he either conspired with the officer to make an unlawful levy or sale of the property, or else was present at the time of the levy and aided and encouraged him to make same, in which event it constituted a trespass under said subdivision. See Cahn Bros. v. Bonnett, 62 Tex. 676, 677; Hilliard v. Wilson, 65 Tex. 287; Willis & Bro. v. McNatt, 75 Tex. 69, 12 S. W. 478; Hubbard v. Lord, supra; Focke, Wilkie & Long v. Blum, 82 Tex. 436, 17 S. W. 770. The case of Baines v. Jemison, 86 Tex. 118, 23 S. W. 639, was based on facts occurring prior to this enactment, and contained no allegation showing that the plaintiff wrongfully conspired with the officer to make the levy, or that he was present and aiding the officer in making the same in the county where made. It was held in that case that the statute of 1889 could not be regarded as retroactive, and without which the cause of action could not be maintained in the county the levy was made, but alone in the county of his residence. After a full consideration of the above authorities, we are clearly of the opinion that the defendants in error's contention in this respect is not well taken.

[8] It is also urged by defendants in error that, since no evidence was offered in support of the plea of privilege, no error was committed in overruling the same, citing Ragland v. Ins. Co., 157 S. W. 1187. But in that case it is held that no proof is required to sustain such plea, where the facts are revealed on the face of plaintiff's pleading, which is the case here. All the authorities seem to hold that the plea of privilege can be urged by exception, where the pleadings of the plaintiff disclose the facts upon which such plea is predicated.

[9] Again, the judgment in this case was rendered upon an amended petition setting forth a new cause of action, and the record fails to show that plaintiff in error had notice thereof. Our statute provides that, where an amended pleading is filed in vacation, the counsel filing it must give five days' notice thereof to the opposite party, or, if filed in term time, the same must be done with leave of the court (R. S. 1911, art. 1824), neither of which facts is shown by the record in this case. And, notwithstanding the plaintiff in error had filed its exceptions to the original petition, under the circumstances, it was entitled to notice of said new cause of action, and without which judgment should not have been rendered against it. See Morrison v. Walker, 22 Tex. 20; McRee v. Brown, 45 Tex. 507; Erskine v. Wilson, 27 Tex. 118; Stewart v. Anderson, 70 Tex. 589, 8 S. W. 295; De Walt v. Snow, 25 Tex. 321; McMillan v. Jones, 66 Tex. 100, 18 S. W. 112; Turner v. Houston, 21 Tex. Civ. App. 214, 51 S. W. 642; Rabb v. Rogers, 67 Tex. 335, 3 S. W. 303; Tyson v. First State Bank & Trust Co., 154 S. W. 1055.

Our Supreme Court, in Morrison v. Walker, supra, held that, where a demand for money upon a cause of action other than that set forth in the original petition is made by an amendment, there must be service of the amendment, or the record must disclose the fact that the party to be affected by it was actually in court in person or by attorney, and might have had notice of such amendment, but which it failed to do in this case.

In Erskine v. Wilson, supra, it is held that, if the defendant had not taken issue upon the amended petition setting up a new promise, it would have been the duty of the plaintiff to have caused a copy of it to be served upon him. To the same effect is De Walt v. Snow, supra.

· The case of McMillan v. Jones, supra, is one in which all the parties had appeared and answered. An amendment was thereafter filed, setting up an entirely new cause of action, and one of the parties, Mrs. McMillan, was not present; nor was she in any wise notified of the new claim. The court held that she was entitled to her day in court before her rights in the matter set up by the amendment could be acted upon, and that "it could not be heard until she was duly notified to appear and answer to it, unless she voluntarily appeared for that purpose, and this the record shows she did not do."

[10] It is contended, however, in this case that the court did not in fact pass upon the defenses urged by plaintiff in error, and hence it could not be heard to complain. We differ with defendant in error in this contention. The judgment in this respect recites: "Now on this the 11th of October, 1912, this case came on regularly for trial, and the plaintiffs appeared in person and announce ready for trial, and it appearing to the court that the defendant Thomas Goggan & Bros. had been duly cited in the manner and for the length of time as required by law, and had duly appeared herein and filed its answer and plea of privilege, and that the defendant the Citizens' National Bank had filed its answer and entered its appearance herein, but, notwithstanding such facts, neither of the said defendants appeared further and offered no reason or objection why judgment should not be rendered against them as claimed by plaintiffs, and a jury was waived and all of the matters of fact as well as of law, were submitted to the court, and the court having heard the pleading, the evidence, and the argument of counsel, and fully understanding the matter, is of the opinion that the law is with the plaintiffs, and that they should recover their damages by reason of the premises." Then proceeded in the regular way to give judgment in favor of plaintiffs against defendant for $167.15, actual and exemplary damages, canceling the check and order and forbidding the bank from paying said amount, and requiring the defendants to file said check and order in the registry of the court for cancellation. It therefore, we think, sufficiently appears that the court considered the pleadings of the parties and determined the issues arising thereon in favor of defendants in error, for which reason defendants in error's contention cannot be sustained.

Believing that the court erred in rendering judgment in behalf of defendants in error, the judgment is reversed, and the cause remanded, with instructions to the court below to dismiss this case, unless defendants in error desire same transferred· to Galveston county, as would be their right by virtue of the acts of the 30th Legislature, c. 133 (article 1833, R. S. 1911; Ragland v. Ins. Co., 157 S. W. 1187; Luter v. Ihnken, 143 S. W. 675; El Campo Water Co. v. El Campo Ice Co., 150 S. W. 259), in which event said court will comply with such request and direct the case so transferred.

Reversed, and remanded, with instructions.

### On Motion for Rehearing.

[11] Defendants in error have filed an able and elaborate motion for rehearing, insisting that the court erred, among other things, in sustaining the plea in abatement, suggesting, as a reason therefor, that it appeared by affidavit of counsel for plaintiff in error that the Galveston case had been dismissed prior to the rendition of judgment in the Milam county case. This affidavit, however, being no part of the record, cannot be considered by us for any purpose, but the case must be adjudicated upon the record as presented by the transcript.

It is likewise urged that this court erred in holding that the trial court passed upon the issues presented by the plaintiff in error's plea of privilege and abatement. This matter, we think, is conclusively settled against his contention by the recitals of the judgment, wherein it appears that the court passed on the law questions presented by such pleas, determining them against the contention of plaintiff in error.

[12] Since the judgment rendered was on a new cause of action, not set up in the original pleadings, of which the plaintiff in error is not shown by the record to have notice, either constructively or otherwise, and since it does not appear that plaintiff in error was either personally present in court or by attorney at the time of the trial, such judgment is for this reason assailable, and should be set aside in direct proceedings for this purpose.

After a most careful consideration of the entire motion, we are inclined to· think that it is not well taken, for which reason it should be overruled, and it is therefore so ordered.

Motion overruled.