**ALLIED FINANCE COMPANY, Appellant,**

v.

**Faye CRAWFORD and Husband, Cecil G. Crawford, Appellees.**

No. 6996.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 21, 1960.

appellees, filed suit in the District Court of Yoakum County against Allied Finance Company and Yoakum State Bank seeking to enjoin the bank "from refusing to honor checks on her account in their bank" and "from honoring any judgment which may be sent to them from the said County Court of Dallas County" and against appellant, Allied Finance Company, for damages for alleged wrongful garnishment and for injunctive relief against the writ of garnishment issued by the County Court of Dallas County at Law No. I.

Appellant filed in due time its plea of privilege properly to be sued in Dallas County, where domiciled, alleging no exception to exclusive venue in the county where its residence exists. Appellees controverted the said plea by seeking to invoke subdivisions 8 and 9 of Art. 1995, Vernon's Ann.Civ.St. as its alleged grounds for retaining venue in Yoakum County.

The trial court overruled appellant's plea to be sued where it has its principal office and principal place of business without hearing any evidence. By brief appellant, in effect, asserts error of the trial court in its construction of subdivisions 8 and 9 of Art. 1995 and in overruling its plea of privilege without sufficient pleading and proof on the part of the appellees giving them the legal right to maintain the suit outside the county of domicile of appellant. Appellees have not favored us with a brief.

The exceptions to exclusive venue provided in subdivision 8 of Art. 1995, V.A. C.S. provides:

Locke, Purnell, Boren, Laney, & Neely, Dallas; J. L. Shook, Dallas, of counsel, for appellant.

Jerry Paquin, Denver City, for appellees.

CHAPMAN, Justice.

This is a venue case. Faye Crawford, joined by her husband, Cecil Crawford,

"A suit for damages resulting from the suing out of a writ of attachment or sequestration, or for levying any such writ, may be brought in the county from which such * * * levy was made in whole or in part."

It is to be noted that garnishment is not mentioned in said subdivision and we believe can not be made to apply to subdivision 8 having to do only with attachment

and sequestration. The only case to which we have been cited and the only one we have found on this question is Thomas Goggan & Bros. v. Morrison et ux., 163 S.W. 119, 123, no writ history. The court in that case said:

"The fact that our statute permits an action for damages to be brought against one who wrongfully seeks out a writ of attachment or sequestration in the county where issued or levied, and fails to make any such like provision covering the issuance and service of writs of garnishment, is significant, at least, that it was not intended that suits for the wrongful issuance or levy of such writs could be brought in any county other than the residence of the defendant."

So far as we are able to determine, the statement just quoted has been the law in Texas for 46 years without a single opinion from our appellate courts to the contrary. Accordingly, we hold the record herein does not bring appellant within the exception of subdivision 8 of Art. 1995 so as to deny it the right to be sued in its county of domicile, since the action is one of garnishment and not of attachment or sequestration.

The only other exception to appellant's right to be sued in its county of domicile alleged was subdivision 9 of Art. 1955 V.A.C.S. Appellees, in their controverted plea with respect thereto, alleged, * * * "plaintiff shows that venue rights in said county by virtue of the provisions of subdivision 9 of Art. 1995, V.A.C.S. as to plaintiff's original petition shows and avers and it is a fact that a trespass was committed against the plaintiff in said county and is therefore within the purview of said exception."

As heretofore stated appellees offered no testimony in support of their controverting plea and appellant has raised both the insufficiency of appellees' pleading and proof. Under our view of the case it is unnecessary for us to pass on that particular question because we do not believe garnishment is such a trespass as is contemplated by subdivision 9 of Art. 1995 V.A.C.S. The court in the Thomas Goggan & Bros. v. Morrison case heretofore cited said:

"But it is contended by defendants in error that the impounding of the funds by the writ of garnishment was such a trespass on their property as would give jurisdiction in Milam County under Clause 9 of Art. 1830, R.S.1911, wherein it is said that, where the foundation of a suit is a trespass for which a civil action in damages may lie, then the suit may be brought in the county where such trespass was committed, or in the county where the defendant has his domicile. While we concede that the unlawful and fraudulent suing out of the writ of garnishment would furnish the basis for a suit against the defendant so abusing the process of the court, still this furnishes no reason why the suit to recover damage therefor could be brought in another county than that of the residence of the defendant."

The "clause 9 of Art. 1830, R.S.1911" referred to in the quote just made is now subdivision 9 of Art. 1995 V.A.C.S. and is substantially the same with respect to trespass. Therefore, we believe and so hold that under the authority of the Thomas Goggan & Bros. case garnishment is not such a trespass as to entitle appellees to maintain their action in Yoakum County under Sec. 9, Art. 1995 V.A.C.S., of itself, or in connection with subdivision 8 thereof.

Accordingly, the judgment of the trial court is reversed and rendered and the case is ordered to be transferred to the District Courts of Dallas County, Texas.