**PAYNE, Agent, v. COLEMAN. (No. 1834.)**

(Court of Civil Appeals of Texas. Amarillo. June 8, 1921.)

1. **Pleading 🔑110 — Plea of privilege prima facie evidence of facts alleged.**

A plea of privilege is prima facie evidence of the facts alleged therein.

2. **Railroads 🔑5½, New, vol. 6A Key-No. Series—Venue of suits against Federal Agent same as against carrier.**

The venue of suits against the Federal Agent on causes of action arising out of the operation of any particular railroad by the government is that fixed by law for the prosecution of such suits on such causes of action as if they had arisen against such carrier, under Federal Transportation Act 1920, § 206.

3. **Carriers 🔑182—Railroad held not to have "transported" shipment so as to permit venue to be laid in county over objection of other carriers.**

Where shipment was made from a point on a certain railroad and a through bill of lading issued in the name of such line for transportation over several other lines, the last of which extended into the county where suit was brought, *held*, that court erred in not sustaining a plea of privilege filed by the railroads not running through such county nor having agents or representatives therein, where the shipment in question had been taken by a sheriff before it had ever been delivered to the terminal carrier; the shipment not being "transported" by such last carrier within the meaning of Rev. St. art. 1830, § 25.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Transport—Transportation.]

4. **Carriers 🔑184—Petition must allege transportation by terminal carrier under statute permitting suit in county in which last carrier might be sued.**

Where shipment originated on one line, and through bill of lading was issued over several other lines, a petition against all of the railroads to recover for loss of the goods, brought in the county to which the last railroad alone ran, and which alone had representatives or agents therein, must allege "transportation" by such last railroad in order to bring the case within Rev. St. art. 1830, § 25, which would permit the other roads to be sued with the last road at a place where they were not otherwise suable.

5. **Pleading 🔑104(2)—Plea of privilege must aver allegations conferring venue are fraudulent.**

If allegations are made which, if true, confer venue on all defendants, it is necessary for a plea of privilege to aver that these allegations are fraudulently made.

6. **Pleading 🔑111 — Allegations conferring venue fraudulent if facts were known which would defeat venue.**

If plaintiff, knowing facts which would in law defeat venue in county in which action was

---

🔑For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

brought, makes allegations which would confer venue in such county, such allegations are in law fraudulent.

Appeal from Hale County Court; L. D. Griffin, Judge.

Action by E. T. Coleman against John Barton Payne, Federal Agent. The court overruled defendant's plea of privilege, and he appeals. Reversed, with instructions.

Terry, Cavin & Mills, of Galveston, and Madden, Trulove, Ryburn & Pipkin, of Amarillo, for appellant. ·

W: W. Kirk, of Plainview, for appellee.  ·

BOYCE, J.  The appellee, Coleman, sued John Barton Payne, Federal Agent, in the county court of Hale' county, to recover the value of a car of coal, shipped from a point in Colorado to plaintiff at Plainview, Tex. It was alleged that the shipment was made while the railroads were under federal control; that the coal was delivered to the carrier at Carbonado, Colo., a point on the line of the Colorado & Southern Railway Company, and a through bill of lading issued in the name of said railway company, for transportation over the lines of the Colorado & Southern Railway Company from Carbonado to Sixela; thence over the line of the Fort Worth & Denver City Railway Company to Amarillo, and thence over the line of the Panhandle & Santa Fé Railway Company to Plainview, in Hale county, Tex., into which county the line of road of the said Panhandle & Santa Fé Railway Company extended. It was further alleged that the said coal had never been delivered to the plaintiff. The said John Barton Payne, Agent, "as he is agent for the Fort Worth & Denver City Railway Company, under the Transportation Act of 1920," filed a plea of privilege to be sued in some county in which the said railway company might be sued, it being alleged that the line of said railway extends from Sixela on the line of Texas and New Mexico to Fort Worth, Tex., through various counties, but does not extend to or run through Hale county, and said railway company has no agent in such county. It is further alleged in said plea that the car of coal in question was delivered to the Fort Worth & Denver City Railway Company by the Colorado & Southern Railway Company and transported · by said railway company to Channing, in Hartley county, Tex., at which place it was confiscated by the sheriff of Hartley county; that the shipment was never delivered to the Panhandle & Santa Fé Railway Company, and was not transported by it, so that there was no liability on the part of the defendant as agent representing the Panhandle & Santa Fé Railway Company, and that his joinder as agent· of said company was made for the fraudulent purpose of acquiring jurisdiction of the suit in Hale county. The plaintiff filed an answer controverting the plea of privilege. This answer merely repeated the allegations of the petition as to the shipment of coal under a through bill of lading, issued by the initial carrier, and alleged in general terms that the coal had never been delivered to plaintiff. Neither in the original petition nor in the controverting answer was it alleged that the shipment had been transported in whole or in part over the line of the Panhandle & Santa Fé Railway Company, but, on the contrary, it was alleged in the controverting answer that the shipment was delivered by the initial carrier to the Fort Worth & Denver City Railway Company and was "partly transported over said line of railway."

[1] It conclusively appears from the plea of privilege, which is prima facie evidence of the facts alleged therein, and the evidence offered on the trial of the plea, that the coal was never delivered to the Panhandle & Santa Fé Railway Company. The plaintiff offered no evidence on the hearing of the plea, but the defendant called the plaintiff as a witness, and he testified that he had been informed by the railway agent at Plainview that the coal had been taken at Channing and had corresponded with the sheriff at that place, which correspondence confirmed the information he had received from the railway agent as to such matter. The court overruled the plea of privilege, and this appeal is from such ruling of the court.

[2-6] The venue of suits against the Federal Agent on causes of action arising out of the operation of any particular railroad by the government is that fixed by law for the prosecution of such suits on such causes of action as if they had "arisen against such carrier." Section 206, Transportation Act 1920 (41 Stat. 461); Seaver v. Hines (D. C.) 261 Fed. 239; Smith v. Babcock (D. C.) 260 Fed. 679. So in the further discussion of the case we will refer to the facts as if the railway companies were defendants instead of the Federal Agent. The venue provision of the statute applicable to such cause of action is contained in section 25, art. 1830, of the Revised Statutes, which is in part as follows:

"Whenever any passenger, freight, baggage or other property has been transported by two or more railroad companies * * * operating or doing business as such common carriers in this state, or having agents or representatives in this state, suit for damage or loss, or for any other cause of action arising on such carriage, transportation or contract in relation thereto, may be brought against any one or all of such carriers * * * in any county in which either of such common carriers * * * has an agent or representative."

The shipment in question was not "transported" by the Panhandle & Santa Fé Railway Company, so that suit against it is not a suit against any one of "such carriers" engaged in the transportation as to warrant the maintenance of the suit in any county in which the Panhandle & Santa Fé Railway Company was suable over the objection of

the other carriers to such venue. This was definitely decided by the Supreme Court in the case of St. Louis Southwestern Railway Co. v. McKnight, 99 Tex. 289, 89 S. W. 757. So that on the facts stated the Fort Worth & Denver City Railway Company could not have been sued in Hale county. The appellee has filed no brief, but evidently some contention was made on the trial to the effect that the facts did not show any fraud on the part of the plaintiff in bringing suit in Hale county. We doubt whether it was necessary for the defendant to have alleged any fraud in the joinder of the Panhandle & Santa Fé Railway Company. If it was necessary for the petition to have alleged "transportation" by the Santa Fé in order to bring the case within the said provision of the statute which would have permitted the Fort Worth & Denver City Railway Company to be sued with the Santa Fé at a place where it was not otherwise suable, it would result that the petition did not on its face show facts that would confer venue as to the Fort Worth & Denver City Railway Company. Texas & P. Ry. Co. v. Edmisson, 52 S. W. 635. Of course, if allegations were made which, if true, conferred venue on the Fort Worth & Denver City Railway Company in Hale county, then it would be necessary for its plea of privilege to aver that these allegations were fraudulently made; but all the allegations of plaintiff's petition might be true and yet no venue as to the Fort Worth & Denver City Railway Company be shown in Hale county. So we doubt if this is a case where it would have been necessary to aver any fraudulent purpose on the part of the plaintiff. However, we need not decide the question, as such allegation was made, and we think the evidence would require a finding of legal fraud in the joinder of the Panhandle & Santa Fé Railway Company. The plaintiff was informed by the railway agent as to the facts of the disposition of the coal. This information was confirmed by correspondence with the sheriff of Hartley county. The plaintiff offered no evidence on the trial of the issue; the plea of privilege was "prima facie proof of the defendant's right to change of venue." But from the plaintiff's own testimony, given on the trial, it cannot be reasonably concluded that there was any reasonable doubt on his part as to the real facts concerning the loss of the coal. If plaintiff, knowing the facts, which would in law defeat the venue in Hale county, yet brought such suit, making allegations which would confer venue in such county, such allegations would be in law fraudulent. Railway Co. v. Waddel Bros., 38 Tex. Civ. App. 434, 86 S. W. 655.

We think the plea in behalf of the Fort Worth & Denver City Railway Company should have been sustained, and the cause will be reversed, with instructions to the trial court to sustain such plea.