**DAVIS, Agent, v. YOUNG.   (No. 6538.)**

(Court of Civil Appeals of Texas. Austin. Jan. 31, 1923.)

**1. United States ⟿125—Suit cannot be maintained against federal government except by special congressional authority.**

A suit cannot be maintained against the federal government except by special authority given by Congress.

**2. Railroads ⟿5½, New, vol. 6A Key-No. Series—Federal agent suable in forum designated by Transportation Act regardless of his residence.**

A suit against the federal agent appointed under the Transportation Act of 1920, terminating federal control of railroads and providing a forum for suits for injuries resulting from federal control, is a suit against the government, which is suable only in the courts designated, regardless of the residence of the agent, and the fact that he is a resident of another state does not entitle the plaintiff to maintain the suit in the county of plaintiff's residence.

**3. United States ⟿47—Officer of United States government not individually liable for acts within authority.**

An officer of the United States government is not individually liable for his act within his authority.

**4. Railroads ⟿5½, New, vol. 6A Key-No. Series—Venue of suit against federal agent under Transportation Act defined.**

A suit against the federal agent appointed under Transportation Act of 1920, for injuries resulting from federal control of railroads, cannot be brought except in a county through which the carrier has a line of railway, or maintains an office, or in which the injury resulted, as provided in Rev. St. art. 1830, subds. 24, 25.

Appeal from District Court, Coleman County; J. O. Woodward, Judge.

Action by A. E. Young against Jas. C. Davis, Agent. From an order overruling a special plea of privilege, defendant appeals. Reversed, with directions.

Snodgrass & Dibrell, of Coleman, and Goree, Odell & Allen and Ernest May, all of Fort Worth, for appellant.

Critz & Woodward, of Coleman, for appellee.

BLAIR, J. This is an appeal from an order of the district court of Coleman county, Tex., overruling a special plea of privilege filed by James C. Davis, the agent designated and appointed by the President of the United States, by authority of the Transportation Act of Congress, approved February 28, 1920 (41 Stat. 456), and against whom said act provided that suits arising out of injuries caused by railway companies while in the possession and control of the Director General of Railway Companies, under the Federal Control Act (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, §§ 3115¾a–3115¾p) or act of Congress of August 29, 1916 (U. S. Comp. St. § 1974a), might be brought. By his said plea of privilege, appellant contends that he should be sued in one of the counties designated as having venue of such cause of action by the Transportation Act of 1920, under and by virtue of which he exists only as an agent of the United States government, for the purpose therein stated.

Appellee excepts to the plea of privilege, on the ground that the same is insufficient, in that it fails to state the residence of the defendant as required by law, and further contends that he was entitled to bring the suit in Coleman county, first, on the ground that he is suing a citizen of another state; and second, under certain rules, Nos. 18, 18a, and 50, promulgated by Walker D. Hines, as Director General of Railways, under and by virtue of the Federal Control Act of 1916, which rules provide that plaintiff might bring the suit within the county of his residence.

This suit is for alleged injuries to appellee's cattle while being transported from Dublin, Tex., to Dallam county, Tex., over the Fort Worth & Rio Grande and Fort Worth

& Denver City Railway Companies' lines of railway; and the statement of facts agreed to by the parties is adopted as our finding of facts herein. The statement is as follows:

"(1) That at the time of the institution of this suit and at the time the matters in controversy in this suit occurred, and at all times thereafter, and at this time, the plaintiff was and is a resident of the United States and of the state of Texas, and resided and still resides in Coleman county, Tex."

"(2) That at the time of all the matters and facts alleged herein in this suit, the lines of railway referred to in plaintiff's petition and in defendant's plea of privilege over which the cattle in question were transported were being operated by the President of the United States through the Director General of Railroads.

"(3) That at the time of the institution of this suit and at the time of the service of process herein, and at all other times, neither the Fort Worth & Rio Grande Railway Company, nor the Fort Worth & Denver City Railway Company owned or operated any line of railway in Coleman county, Tex., nor did either of said railway companies at any of said times have or maintain an office, agent, or representative in Coleman county, nor did either of said railway companies maintain or have its general office in Coleman county.

"(4) That at all of said times the Fort Worth & Rio Grande Railway Company owned a railway line in Brown county, Tex., and same was operated by the Director General of Railroads, at all of the times in controversy in this suit under authority of the President of the United States.

"(5) That the defendant, James C. Davis, Agent appointed by the President of the United States, under and by virtue of the acts of Congress, and his predecessors in said office, has at this time, and has had ever since his and their appointment, an agent in Brown county, Tex., to wit, George Gardenhire, who was during federal operation of the railroads Agent for the Director General and who since termination of federal control of railways has been and still is the agent of the Fort Worth & Rio Grande Railway Company, and upon whom service of citation can be had.

"(6) That James C. Davis as an individual was not at the times in controversy in this suit, or at any time since said time, and is not now a resident of Texas, and is not a resident of Texas unless by virtue of his representative capacity, in which representative capacity he is a defendant in this suit."

We will first consider the exception or demurrer to the plea of privilege by which appellee contends that it should be overruled because the same is not in statutory form, in that it fails to state the county of the residence of the defendant. In order that we may more thoroughly consider the plea, we copy the same in full herein:

"Now comes the defendant in the above numbered and entitled cause and files this his plea of privilege, and says that this court ought not to have or take further action in or cognizance of this suit than to have same transferred to the court having jurisdiction of the defendant, and in this connection this defendant shows to the court that this is a suit for damages to a certain shipment of cattle alleged to have moved over the lines of the Fort Worth & Rio Grande Railway Company, and the Fort Worth & Denver City Railway Company, during the year 1918, during which said time the said two lines of railroads were being operated by the Director General of Railroads of the United States, and this defendant is the agent appointed by the President of the United States pursuant to the terms of the Transportation Act, as the party defendant in such actions as the present suit.

"This defendant alleges that at the time of the institution of this suit and at the time of the service of process herein, and at the time of the filing of this plea of privilege, neither the Fort Worth & Rio Grande Railway Company nor the Fort Worth & Denver City Railway Company owned or operated any line of railway in or through Coleman county, Tex., nor did either of said railway companies at any of said times have or maintain any office, agent, or representative in said Coleman county, nor did either of said railway companies maintain or have its general office in said Coleman county, but that at all times the general offices of both of said railway companies were located in Tarrant county, Tex., and at all of said times the Fort Worth & Rio Grande Railway Company operated and had a line of railroad in Brown county, Tex., and an agent in said Brown county, upon whom service may be had.

"This defendant further avers that he did not at the time of the filing of this suit, or at the time of the service of process herein, reside in Coleman county, Tex., and that he does not now reside at Coleman county, Tex.; that said defendant, as agent appointed by the President, at all of said times, had an agent in Brown county, Tex., to wit, the agent of the Fort Worth & Rio Grande Railway Company, and that none of the exceptions to the exclusive venue in the county of one's residence, mentioned in article 1830 or article 2308 of the Revised Statutes of Texas, exists in this case, and that this suit does not come within the meaning of the exception provided by law which would authorize this suit to be maintained in Coleman county, Tex.

"Wherefore, defendant prays the court that the above suit be transferred to the district court of Brown county, Tex."

[1-3] We think the plea sufficient. It is a well-known rule of law that a suit cannot be maintained against the federal government except by special authority given by Congress. Appellant pleads his agency of the United States, and points out the counties in which he might be sued by a provision of the act of Congress appointing him, commonly termed the "Transportation Act of 1920." This is a suit against the United States government, appellant being the agent designated by law against whom it might be maintained as a special privilege granted by the government for injuries resulting while it had possession and control of the railways of the United States, under and

by virtue of the act of Congress of 1916. By the Transportation Act of 1920, the government thereby released to the owners of the various railways the possession and control, terminating federal control, and by this same act it provided a manner of bringing suits for injuries theretofore resulting by reason of said operation and control, as well as providing a forum in which said suits should be brought. Without this authority, this suit could not be maintained in any court against the federal government; with it, it can be maintained only in such courts as designated; hence the residence of James C. Davis, as agent of the federal government, becomes immaterial. And in this connection, appellee's contention that he is entitled to maintain this suit in the county of his residence because appellant, James C. Davis, personally was a resident of another state is without merit; for it has been held in numerous cases that where the Director General of Railroads, or any of his agents, are sued, they are not so sued as individuals, or even by name, but as an officer, and stand for the United States, as both parties concede in this case. An officer of the United States government is not individually liable for his act within his authority.

It was held in the case of Westbrook v. Director General (D. C.) 263 Fed., 211–213, that—

"When sued officially, neither is the officer nor the government a citizen of any state. No jurisdiction on account of diverse citizenship exists in these cases." Spaulding v. Vilax, 161 U. S. 483, 16 Sup. Ct. 631, 40 L. Ed. 780; Smith v. Babcock, Wilcox Co. (D. C.) 260 Fed, 679.

The question of the right of a nonresident to secure a change of venue the same as a resident does not become material in this case, in view of our holding herein. Knoles v. Clark (Tex. Civ. App.) 163 S. W. 369.

Having disposed of the propositions raised by appellant in its first and second propositions assigned as error, in the opinion above, we will not consider them further.

[4] Appellant, in his third proposition, assigns as error the action of the trial court in refusing to sustain his plea of privilege, for the reason that—

"Under the Transportation Act of 1920 the venue of this suit can be maintained only in such courts as would have had jurisdiction of the cause of action had it arisen against the Fort Worth & Rio Grande Railway Company, or the Fort Worth & Denver City Railway Company, or either of said carriers."

Having heretofore held that the right to maintain this suit depended upon some act of Congress authorizing the same, as well as providing the manner in which it should be brought, against whom, and in what forum, it, therefore, becomes necessary to determine by what act of Congress the suit is maintained. By the Federal Control Act of 1916, Congress authorized the taking charge of railways of the United States by the federal government, and by Act March 21, 1918 (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919. §§ 3115¾a–3115¾p) provided and authorized the President of the United States to appoint a Director General against whom suit might be brought, and fixed the venue for any cause of action for injuries resulting while the government was possessed of and controlled the railways. After the appointment of the Director General, he promulgated certain rules, being rules Nos. 18, 18a, and 50, by which he fixed the venue for certain causes of action brought against him as Director General of Railways, which said rules were upheld by the Supreme Court of the United States as being valid and binding upon the United States government.

By the later Transportation Act of 1920, it was provided, "An act to provide for the termination of federal control of railroads and systems of transportation." Under title 2 of this act it was provided that federal control should terminate at 12:01 a. m., March 1, 1920, and that the President should relinquish possession and control of all railway systems and other systems of transportation. And said act provided further for the appointment of an agent against whom suit might be brought for injuries resulting by the railroads under federal control within the period of limitation therein stated, and further the fixing of the venue for such suits. This later Transportation Act of 1920, in so far as the venue of this suit is concerned, superseded the former act and rules promulgated by the Director General as to venue. We will therefore discuss only that portion of the Transportation Act of 1920 which affects the venue in this case. By said act it is provided:

"Actions at law, suits in equity and proceedings in admiralty, based on causes of action arising out of the possession, use, or operation by the President of the railroad or system of transportation of any carrier (under the provisions of the Federal Control Act, or of the Act of August 29, 1916), of such character as prior to federal control could have been brought against such carrier, may, after the termination of federal control, be brought against an agent designated by the President for such purpose, which agent shall be designated by the President within thirty days after the passage of this act. Such actions, suits, or proceedings may, within the periods of limitation now prescribed by state or federal statutes but not later than two years from the date of the passage of this act, be brought in any court which but for federal control would have had jurisdiction of the cause of action had it arisen against such carrier." Section 206.

In the case of Payne, Agent, v. Coleman (Tex. Civ. App.) 232 S. W. 537, it was held that—

"The venue of suits against the Federal Agent on causes of action arising out of the op-

eration of any particular railroad by the government is that fixed by law for the prosecution of such suits on such causes of action, as if they had 'arisen against such carrier.' Section 206, Transportation Act 1920."

It, therefore, becomes necessary for us to examine the Texas statutes providing venue in cases of this character. Subdivisions 24 and 25 of article 1830, Revised Statutes of Texas, provide as follows:

"Suits against any private corporation, association or joint-stock company may be commenced in any county in which the cause of action, or a part thereof, arose, or in which such corporation, association or company has an agency or representative, or in which its principal office is situated. And suits against a railroad corporation, or against any assignee, trustee or receiver operating its railway, may also be brought in any county through or into which the railroad of such corporation extends or is operated. Suits against receivers of persons and corporations may also be brought as provided in article 2147.

"Whenever any passenger, freight, baggage or other property has been transported by two or more railroad companies, express companies, steamship or steamboat companies, transportation companies, or common carriers of any kind or name whatsoever, or by any assignee, lessee, trustee or receiver thereof, or partly by one or more such companies, or common carriers, and partly by one or more assignees, lessees, trustees or receivers thereof, operating or doing business as such common carriers in this state, or having agents or representatives in this state, suit for damage, or loss, or for any other cause of action arising out of such carriage, transportation or contract in relation thereto, may be brought against any one or all of such common carriers, assignees, lessees, trustees or receivers, so operating or doing business in this state, or having agents or representatives in this state, in any court of competent jurisdiction, in any county in which either of such common carriers, assignees, lessees, trustees or receivers operates or does business, or has an agent or representative; provided, however, that, if damages be recovered in such suits against more than one defendant not partners in such carriage, transportation or contract, the same shall, on request of either party, be apportioned between the defendants, by the verdict of the jury, or, if no jury is demanded, then by the judgment of the court."

The proof having shown that at the time of the institution of this suit neither of the railway companies herein sued had a line of railway or an office or an agent in Coleman county, but showed that both railway companies had offices in Tarrant county, one having offices and agents in Brown county as well as in other counties through which said lines of the railways sued ran, and our statutes providing that suit could be brought in any county through which the carrier had a line of railway, or any county in which it had an office, or in any county in which the injury may have resulted, we think the court should have sustained the plea of privilege and transferred the case to some county having jurisdiction as provided by the Texas statutes above set forth.

We are therefore of the opinion that the cause should be reversed, with instructions to the court to sustain such plea of privilege, and transfer the cause of action to some county which the record shows to have venue thereof.

Reversed, with instructions.