### J. I. Bonner v. G. T. Bradley.

Delivered June 13, 1896.

**Contract to Pay for Services not Implied, When—Intention—Gratuity.**

When services are performed upon request, the law will imply a promise to pay the reasonable value thereof, unless such request be made and acceded to as a gratuitous favor. That the service was done upon an implied promise that it would be paid for, may be rebutted by evidence that the relations between the parties were such as to exclude the inference that they were dealing on the footing of contract.

Error from the County Court of Freestone. Tried below before Hon. A. Y. Anderson.

*J. R. Bell*, for plaintiff in error.

[No brief for defendant in error reached the Reporter.]

RAINEY, Associate Justice.—This is a suit by plaintiff in error to recover of defendant in error for medical services rendered the latter's daughter, which plaintiff alleged in his petition were rendered at the instance and request of defendant.

Defendant answered, denying that he owed plaintiff anything, and alleging that plaintiff was not in the active practice of medicine at the time such services were rendered; that plaintiff was closely related to the family of defendant by consanguinity and affinity, and the families were upon the most intimate terms; that for thirty or forty years plaintiff and defendant extended hospitalities, courtesies and favors to each other in the way of kindnesses and substantial benefits, without charges or any kind of legal obligation from one to the other, and especially about the times of the rendering of such services; and that a greater part of the time plaintiff made defendant's home a general stopping place for rest, recreation and refreshments, and it was at these times and on these occasions and under these circumstances that said plaintiff (as defendant then thought and believed and was so impressed) acting as much or more in the capacity of a friend than as a physician, examined and prescribed for the family of defendant when indisposed.

The evidence shows that the services of plaintiff in error were rendered as stated in his account; and also further shows that the relations existing between the parties were as stated in defendant in error's answer, and that their conduct and transactions with each other were the same as alleged.

On the trial the court gave a general charge to the jury, to the effect

that if plaintiff's demand was just and due, he would be entitled to recover; and further, that if they did not believe such account was just and due, and was contrary to law and equity, then they should find for defendant.

The plaintiff asked a special charge upon the question of implied contract, which the court refused to give. We think, under the circumstances, the court failed to properly charge the jury. When services are performed at the request of a party, the law will imply a promise to pay the reasonable value thereof, unless such request be made, and acceded to, as a gratuitous favor. "That the service for which plaintiff seeks to recover was done under an implied promise that he should be paid for it, may be rebutted by evidence that the relation between the parties were such as to exclude the inference that they were dealing on a footing of contract." Carter v. Cobner, 76 N. Y., 157; Moyer's Appeal, 112 Penn. St., 290; 3 Am. & Eng. Ency. of Law, 61.

In Taylor v. Deseve, 81 Texas, 246, the court says, "It is a settled principle of law that a promise to pay will not be implied contrary to the intention of the parties." Citing Lippman v. Tittman, 31 Mo., 74.

If at the time the services were performed by plaintiff in error, it was not the intention of the parties that charges should be made for such services, then defendant in error would not be liable therefor.

As the law applicable to the facts of the case was not given to the jury in the charge of the court, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*