CASE 28.—ACTION BY HENRY CONWAY, &C., AGAINST WILLIAM CONWAY, &C. FOR SERVICES RENDERED IN NURSING THEIR SICK MOTHER.—Nov. 5.

## Conway, &c. v. Conway, &c.

Appeal from Nicholas Circuit Court.

L. P. FRYER, Circuit Judge.

From a directed verdict for defendants the plaintiffs appeal.—Affirmed.

1. Work and Labor—Services Between Persons in Family Relation—Implied Contracts.—Where the relationship of persons raises the presumption that they lived together for mutual convenience, the law will not imply a promise to pay for their services rendered each other, but will require stricter proof to establish such a contract than is required in ordinary cases.

2. Executors and Administrators—Payment of Claims—Personal Services of Son—Necessity for Express Contract.—There is a natural obligation owing from a son to an invalid mother; and, to recover from her estate for services rendered her, he must show an actual contract for compensation.

3. Executors and Administrators—Payment of Claims—Personal Services of Son—Evidence of Contract.—Evidence held not to show a contract between a mother and her sons for payment for their services in caring for her.

Conway, &c. v. Conway, &c.

WM. CONLEY for appellants.

1. We submit, that the character and extent of services ren-
dered by the claimants, were not such as any child might be
expected to render to a parent without expectation of reward,
and that they were not so rendered, is we think, clearly established
by the evidence. These services were not trivial nor occasionally
rendered, but consumed the whole of two and a half years of
their lives, and at a time of life when their time meant much
to one in their circumstances. And while they were rendering
this service for their mother no other person in the community
could be hired to do the work there, in the way they did it, and
these contestants Fannie Perrine and Ben Conway were then
sowing and reaping and hording for themselves, not volunteering
nor rendering any service without expectation of reward, but
were compensated for such as they did render.

2. We submit that the evidence in this case shows that there
was a promise and agreement made by decedent with appellants
to compensate them for their services.

MORGAN & DARRAGH for Ben Conway and Fannie Perrine.

QUESTIONS DISCUSSED AND AUTHORITIES CITED.

Compensation can not be recovered for services where the
relationship of the parties is such as to raise the presumption
that they lived together as a matter of mutual convenience,. and
where a moral obligation rest on the claimants to render serv-
ices, they must show an express contract to compensate. (Reyn-
olds v. Reynolds, 92 Ky., 556; Price v. Price's Exr., 101 Ky., 28;
Wallace v. Denney's Admr., 90 S. W., (Ky.) 1046; Northrip's Admr.
v. Williams et al., 100 S. W., (Ky.) 1192; Folly v. Dillon et al.,
105 S. W., (Ky.) 461; Baugh, &c. v. Baugh' Admr., 109 S. W.,
(Ky.) 345.)

OPINION OF THE COURT BY WM. ROGERS CLAY, COM-
MISSIONER—Affirming.

Appellants, Henry Conway and Johnson Conway,
seek in this action to recover for alleged services ren-
dered their mother in nursing and taking care of her
for a period of several months prior to her death.
Their claims were first filed with the master commis-

sioner in a suit brought by them and the administrator
of their mother's estate for a settlement thereof. The
commissioner reported in favor of the claims. Appel-
lees, Fannie Perrine and Ben Conway, filed excep-
tions to this report. Thereupon counsel for appel-
lants moved for a trial suit out of chancery. This was
granted. Upon the conclusion of the testimony for
appellants, the court gave a peremptory instruction
for appellees.

The evidence in the case shows that the appellants,
Henry and Johnson Conway, resided with their moth-
er for a period of about 2½ years prior to her death.
During that time their mother was frequently con-
fined to bed, and needed constant attention. This
attention was given by appellants. Indeed, it seems
that they did most of the work about the house, such
as cooking, washing, etc. They also managed the
place upon which they lived. Two or three witnesses
testified that the mother of appellants said she wanted
them paid out of the money she had left. She also
spoke of having a written contract drawn up. One
of the witnesses testified that she said she wanted all
her children who waited on her to have something
extra. There can be no doubt that appellants per-
formed valuable and efficient services in nursing and
taking care of their mother. Now and then a consider-
able portion of their time was taken up by the atten-
tion which she demanded; but there is absolutely
nothing in the record to show that any contract was
made between appellants and their mother that they
should be paid for their services. Even the expres-
sions which she is said to have used to others were
not made in appellants' presence. In a long line of
decisions this court has held that, where the relation-
ship of the parties was sufficient to raise the presump-

tion that they lived together as a matter of mutual convenience, the law will not imply a promise to pay for the services so rendered. To establish a contract for such compensation requires stricter proof than to establish an ordinary contract. There is a natural obligation owing from a son to an invalid mother. Filial duty, to say nothing of love and affection, should prompt him to do everything in his power for her comfort and welfare. Where he afterwards makes a claim against his mother's estate for such services, he should be entitled to recover only where there is proof of an actual contract that he should be paid. The expressions alleged to have been used by Mrs. Conway were not sufficient to establish such a. contract. Foley v. Dillon, etc., 105 S. W. 461, 32 Ky. Law Rep. 222; Wallace v. Denny's Admr., 90 S. W. 1046, 28 Ky. Law Rep. 978; Reynold's Admr. v. Reynolds, 92 Ky. 556, 18 S. W. 517, 13 Ky. Law Rep. 793.

Judgment affirmed.