ROCKOWITZ v. ROCKOWITZ.

(Court of Civil Appeals of Texas. San Antonio. April 10, 1912. Rehearing Denied May 8, 1912.)

1. WORK AND LABOR (§ 7*)—SERVICES WITHIN HOUSEHOLD.

Services performed for persons living together in one household are presumed to be gratuitous, making it necessary to show an express contract for compensation, or circum-

stances showing a reasonable expectation thereof.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 11½–22; Dec. Dig. § 7.*]

2. WORK AND LABOR (§ 7*)—EXPRESS CONTRACT.

If plaintiff agreed to give his son $1,500 if the son would furnish him a home for the rest of his life, but left the son's home after staying there 15 months under the contract, he is liable for board and lodging for that period.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 11½–22; Dec. Dig. § 7.*]

3. CONTRACTS (§ 28*) — AGREEMENT — EVIDENCE.

In an action by a father against a son to recover a sum deposited with the son under an agreement to return it on request, evidence *held* to show no agreement to give the money to the son in consideration of plaintiff's support for the remainder of his life.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 133–140; Dec. Dig. § 28.*]

4. APPEAL AND ERROR (§ 731*)—ASSIGNMENT OF ERROR—SUFFICIENCY.

An assignment that the court erred in instructing the jury to bring in a verdict for a certain sum, as the undisputed evidence showed that defendant did not owe that much to plaintiff, is an assignment as to the sufficiency of the evidence to sustain the verdict, and, as such, is insufficient.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3017–3021; Dec. Dig. § 731.*]

Error from Bexar County Court; Geo. W. Huntress, Judge.

Action by Alvino Rockowitz against John Rockowitz. Judgment for plaintiff, and defendant brings error. Affirmed.

D. A. McAskill, of San Antonio, for plaintiff in error. A. E. Heilbron, of San Antonio, for defendant in error.

MOURSUND, J. Alvino Rockowitz, plaintiff below, sued his son, John Rockowitz, alleging that he had deposited with his son $1,580 with the understanding that it was to be returned to him when requested, and that there was due him a balance of $345 after crediting the defendant with the amounts repaid and $100 charged against him for clothing, tobacco, etc., furnished him by defendant. The defendant pleaded that his father had given him $1,500 with the agreement that defendant should become the owner of said money, provided he would give plaintiff a home for the balance of his natural life; that defendant lived with him from June 6, 1906, to August 24, 1907; that various cash payments, setting the same out in detail, were made to plaintiff; and that finally a settlement was made between them, by which $720 was accepted by plaintiff in full settlement of the business affairs between them. Defendant further pleaded that, if the settlement so made was not binding on plaintiff, then that he recover of plaintiff the following amounts: One hundred and eighty dollars for board, washing, and sewing furnished during the time plaintiff lived with defendant; $145 for feeding and caring for plaintiff's two horses and one mule during portions of the time plaintiff made his home with defendant; $30 for 15 trips he made to plaintiff's farm; $100 for whisky and $5 for beer he bought for plaintiff, and $112.45 for articles purchased and expenditures made for plaintiff. Plaintiff by supplemental petition denies the agreement pleaded by defendant, also the settlement, and pleaded that during the time he lived with defendant he built a seven-room house for defendant, working 104 days, and that he assisted in the farm work by plowing, chopping cotton, etc., all of which work he alleged to be worth in the aggregate $350; that it was never agreed or contemplated by them that defendant should charge him for board, lodging, or personal expenses, nor that he should charge defendant for his work, but, if defendant claimed compensation for the matters set out in his answer, then that plaintiff recover for his work. The case was tried with a jury, and verdict returned for plaintiff for $345, with 6 per cent. interest from January 1, 1909. Judgment was rendered accordingly, and defendant brings the case to this court on a writ of error.

The first 10 assignments of error may be considered together, as they complain of the action of the court in holding that plaintiff did not have to pay defendant for board, washing, sewing, and for feeding and caring for the horses and mule of plaintiff. The court instructed the jury, at the request of plaintiff, not to consider said matters in arriving at a verdict, and refused to submit special charges offered by defendant instructing the jury that plaintiff would be liable for the reasonable market value of board, washing, sewing, and horse feed, if they found the same was furnished by defendant to plaintiff. At the request of the defendant, the jury was instructed that they could not take into consideration plaintiff's claim for labor on the house or at farm work. The plaintiff took up his residence with his son, and lived with him over a year, during all of which time nothing was said in regard to charging one another for services performed. At the time when defendant's wife paid plaintiff $720, which she claims was accepted by him in full settlement of the balance due him, nothing appears to have been said about charging for board, horse feed, washing, or sewing. There can be no question that there is nothing in the record to show an agreement by either party to pay the other, and all the facts and circumstances show that it was not contemplated by either party that any charge would be made for the services they were to perform and did perform for each other.

[1] The rule is well settled that, where persons are living together as one household,

services performed for each other are presumed to be gratuitous, and an express contract for remuneration must be shown or that circumstances existed showing a reasonable and proper expectation that there would be compensation. 15 Am. & Eng. Ency. of Law (2d Ed.) p. 1083; Schrimpf v. Settegast, 36 Tex. 296; Bonner v. Bradley, 14 Tex. Civ. App. 234, 36 S. W. 1014; Barnhill v. Kirk, 44 Tex. 589; Conway v. Conway, 130 Ky. 218, 113 S. W. 95.

[2] Plaintiff in error, under one of his assignments, urges the following proposition: "If Alvino Rockowitz agreed to give John Rockowitz $1,500 for a home for the balance of his natural life, and Alvino Rockowitz got from John Rockowitz a home for 15 months under this contract, and then left John Rockowitz, he is liable to the latter for said 15 months of board, room, washing," etc. If such a contract is proven, we think it would take the case out from under the general rule. In the case of Taylor v. Deseve, 81 Tex. 251, 16 S. W. 1008, the court held that where a person took a child with the understanding that he would care for it, and provide for it, and would be allowed to keep it for all time, and the parents afterwards took it away from him, he could recover the value of its support and maintenance during the time he had it. In this case no special charge was requested asking the jury to pass on whether such a gift and agreement as was pleaded by plaintiff in error was made, nor was the issue submitted in the general charge. No error is assigned because of such omission. The court did submit a charge to the effect that the jury could not consider the board, horse feed, etc., in arriving at their verdict.

[3] This charge virtually amounted to an instruction that no agreement was proven to the effect that the money was given to the son in consideration of his supporting his father the balance of his life. We think the evidence authorized such an instruction, and that, therefore, the court did not err in giving said charge.

Plaintiff in error testified as follows: "When he gave me the money, he said: 'I don't want any money, John. I will give you my money and I want you to support me.'" Plaintiff in error's wife testified to a similar statement, but defendant in error testified that he only gave his son the money to keep for him. Without objections from either of them, he was permitted to give his other son a considerable amount of money and at various times to withdraw considerable amounts himself, as well as to loan out $500 upon one occasion. John testified that he never spent nor had one cent of the money, that his wife kept it, and would give it to his father as he needed it or would ask for it. They both testified positively that the whisky used by the defendant in error was to be paid for from his money. It is clear that John never accepted the money as his, and that it was considered to be his father's money by all parties. John did not testify that he ever agreed to support his father the balance of his days, and the evidence in our judgment shows conclusively that he never considered that a contract of the kind was made. We think the evidence showed clearly that the parties did not contemplate or expect pay for their mutual services, and that no contract was made taking the case out from under the general rule with reference to mutual services by persons residing as one household, and we, therefore, overrule the 10 first assignments of error.

[4] The eleventh assignment of error is as follows: "The court erred in telling the jury that they were allowed to bring in a verdict of $345, as the undisputed evidence showed that defendant could in no event be due that much to plaintiff." There is no assignment of error attacking the verdict as unsupported by the evidence. The motion for new trial does not set out the ground mentioned in the above assignment of error, but attacks the verdict as being unsupported by the evidence, in a manner as general as this assignment of error. An assignment going to sufficiency of evidence to sustain the verdict, as general as the assignment now being considered, would be disregarded by the court. Pritchard Rice Milling Co. v. Jones, 140 S. W. 817, and cases therein cited. The assignment now being considered, it is true, is an attack upon the charge of the court, but nevertheless it involves the determination of the same matters as an assignment of error questioning the sufficiency of the evidence to sustain the verdict, and seeks in an indirect way to secure the same result. If the evidence is sufficient to support the verdict, it would certainly be sufficient to permit the court to charge as he did, viz.: "If you believe from the evidence that the defendant is indebted to the plaintiff, if you so find, then you will return a verdict in favor of the plaintiff and against the defendant for such sum, if any, as you believe from the evidence is due and owing by the defendant to the plaintiff, not to exceed, however, the sum of $345, together with 6 per cent. interest per annum thereon from January 1, 1909, upon such sum, if any, as you may find is due and owing by defendant to the plaintiff. If, however, you believe from the evidence that the defendant is not indebted to the plaintiff in any sum whatsoever, if you so find, then you will return a verdict in favor of the defendant."

No complaint being made in this court of the verdict, we hold that an assignment of error complaining solely because the charge of the court permitted a verdict of the kind rendered should be overruled.

We find no error in the record, and the judgment is affirmed.