## PANDEM OIL CORPORATION v. McKIN-NEY. (No. 610.)

Court of Civil Appeals of Texas. Waco. Dec. 15, 1927.

Rehearing Denied Jan. 26, 1928.

1. **Appeal and error ⬅1056(1)—Evidence ⬅ 121(8)—Exclusion of contract between defendant and agent, though admissible as res gestæ in action for services by plaintiff employed by agent, was harmless under evidence authorizing recovery on implied contract.**

In action for services in blocking acreage for oil well performed under agreement with defendant's agent, contract between agent and defendant, known to plaintiff, offered to prove that agent did not have authority to bind defendant for payment of compensation to plaintiff, was admissible as part of res gestæ of plaintiff's employment, but exclusion, though error, was harmless, where nothing in contract precluded plaintiff's recovering compensation on implied contract or quantum meruit, and defendant did not claim that it had paid its agent for services rendered by plaintiff, nor that fund set aside for procuring land had been exhausted, and plaintiff's pleading authorized recovery under implied contract.

2. **Principal and agent ⬅148(2)—Plaintiff shown contract between defendant and agent employing plaintiff, held charged with notice of its contents.**

In action for services in blocking acreage for oil well, performed under agreement with defendant's agent, plaintiff, shown contract between defendant and agent, whereby fund was set aside to secure land, though not reading contract, was charged with notice of its contents.

3. **Appeal and error ⬅931(3)—General finding, if supported by any evidence, must be considered, on appeal, as finding every issuable fact for judgment.**

In action for services performed under agreement with defendant's agent, general finding by court in plaintiff's favor must be considered on appeal as finding every issuable fact in favor of judgment, if there is any evidence to support such finding.

4. **Appeal and error ⬅989—In passing on sufficiency of evidence to sustain general finding, on appeal only facts sustaining judgment are considered.**

Court of Civil Appeals, in passing on sufficiency of evidence to sustain general finding for plaintiff, must view evidence in light most favorable to finding, rejecting all evidence favorable to opposite contention, and consider only facts and circumstances tending to sustain judgment.

5. **Principal and agent ⬅173(3)—Finding that defendant accepted, through agent, plaintiff's services, and received benefit therefrom, with knowledge of all circumstances, held justified by evidence.**

In action to recover for services in blocking acreage for oil well performed under agreement with defendant's agent, evidence was sufficient to justify finding that defendant, acting through another agent, accepted plaintiff's services, and received benefit therefrom in amount recovered by plaintiff, with full knowledge of all circumstances.

6. **Evidence ⬅213(2)—Evidence by plaintiff of conversation with president of defendant corporation, wherein president recognized his claim, held not objectionable as disclosing offer of compromise.**

In action to recover for services in blocking acreage for oil well performed under agreement with defendant's agent, testimony by plaintiff concerning conversation with president of defendant corporation, wherein president stated that he felt plaintiff was entitled to settlement, but that they had gone far enough to settle for its agent, *held* not objectionable as disclosing an offer of compromise.

Appeal from Limestone County Court; H. F. Kirby, Judge.

Action by W. E. McKinney against the Pandem Oil Corporation. Judgment for plaintiff, and defendant appeals. Affirmed.

Winfrey & Lane, of Dallas, for appellant.
W. W. Mason, of Mexia, for appellee.

GALLAGHER, C. J. Appellee W. E. McKinney sued appellant Pandem Oil Corporation to recover for personal services rendered to it by him and for use of a car furnished by him in connection therewith. Appellee alleged that one Chas. W. Harrison represented to him that he (Harrison) was agent of appellant; that appellant had sent him to Limestone county for the purpose of leasing a block of acreage upon which it desired to drill a well for oil or gas; that appellant was to pay all expenses incurred in securing and blocking such acreage, and that appellant would pay appellee for his services in assisting in said work; that the amount to be paid therefor was not agreed upon at the time. but was to be discussed and determined at a later date; that said Harrison, in making said agreement with him, was acting within the scope of his employment, or within the apparent scope thereof. Appellee further alleged that said Harrison introduced him to one Geo. S. Vaughan, landman for appellant, and told him that appellee was to assist in securing and blocking said acreage; that he rendered the services sued for; that the same were of the reasonable value of $350, and that he had never been paid for the same; that appellant, with knowledge of the agreement between him and said Harrison, accepted said services, and received the benefit thereof, and became thereby as a matter of equity liable to appellee for the value thereof, and that he had not been paid anything therefor.

Appellant denied that Harrison was its agent; that he was authorized to enter into

said contract with appellee on its behalf; that it ever ratified or acquiesced in said transaction; and that it ever received any of the benefits of the services rendered by appellee. Appellant also pleaded that it had theretofore entered into a contract with said Harrison in which he had agreed to secure a block of oil and gas leases on certain acreage and that it was especially agreed therein that said Harrison should not have authority to obligate it to any third person on account of said leases or expense incurred in procuring the same, but that its obligation under such contract was to said Harrison only, and that all the same was known, or ought to have been known, to appellee at the time.

The case was tried by the court without a jury, and judgment rendered in favor of appellee against appellant for the sum sued for. The recitals in said judgment show that the same was rendered on the implied contract pleaded by appellee.

### Opinion.

[1, 2] Appellant's first seven propositions attack appellee's right to recover on the express contract of employment pleaded by him. None of them attack appellee's right to recover on the implied contract pleaded. Appellee introduced evidence in support of the contract of employment made by him with said Harrison as agent for appellant substantially as alleged in his petition, except that he failed to show that Harrison was authorized by appellant to bind it for the payment of the compensation promised appellee for his services. Apparently, for the purpose of attempting to prove affirmatively that Harrison did not have authority to bind appellant for the payment of the compensation promised appellee for his services, appellant offered in evidence a written contract between it and said Harrison, by the terms of which appellant authorized said Harrison to secure leases on said block of acreage. While said contract so offered provided that said Harrison should be personally obligated to pay the cost of said leases and all expense of procuring the same, and should not have authority to obligate appellant to any third person for any sum of money on account of the procuring of said leases or the expense thereof, it further provided that appellant should be obligated to pay said Harrison all such costs and expense. It also obligated appellant to set aside, for the purpose of carrying out said contract, a fund sufficient in amount, not to exceed $30,000, and provided that such fund should be used at the direction of said Harrison for the purposes of acquiring said leases and paying any and all expenses incident thereto, including the personal expenses of said Harrison, and further provided that all such costs and expenses should be paid out of said fund. A further recital of the contents of said contract is not necessary. Appellee objected to the introduction of said contract in evidence on the grounds that it was immaterial, was a secret agreement between appellant and said Harrison and was not binding on appellee. The court sustained said objection, and refused to admit said contract in evidence. We think the court erred in excluding said contract.

Appellee testified that Harrison employed him to render the services sued for; that he told him he had a contract with appellant, and read from it to him where he (Harrison) was to spend $30,000 as he saw fit in securing said block of acreage. He also testified that Harrison showed him at that time the signatures thereto of himself and appellant by its president. While he testified that he did not read the same, he knew of its existence, and was charged with notice of its contents. 2 C. J. p. 565, § 207; Griffith v. Morrison, 58 Tex. 46, 53; Chaison v. Beauchamp, 12 Tex. Civ. App. 109, 34 S. W. 303, 304 (writ refused). Said contract was a part of the res gestæ of his employment by Harrison to render services to appellant and of the services rendered thereunder by him and accepted by appellant. We do not think, however, that the error of the court in excluding said contract requires a reversal of the judgment of the trial court. Nothing therein contained precluded a recovery on implied contract or quantum meruit.

There was no contention on the part of appellant by pleading or otherwise that it ever paid said Harrison or any one else for the services rendered by appellee, nor that the fund set aside for procuring said acreage had been exhausted. There was evidence tending to show that a large amount of indebtedness incurred by Harrison in procuring such acreage was paid by appellant directly to the parties to whom the same was owed. Appellee's pleadings were sufficient to support a recovery on an implied contract on the part of appellant to pay him the reasonable value of such services as were in fact rendered by him and accepted by appellant. Appellant's agent Vaughan testified as follows:

"I was landman for the Pandem Oil Corporation in 1926. I had charge of drilling this well and blocking of the acreage. * * * Mr. McKinney assisted in doing that work, furnishing his automobile, and was down there several times. * * * After Harrison said something about McKinney assisting in blocking that acreage. I told him he had better get on down there and try to help us. He went, and with the knowledge on my part that he was assisting. * * * I have no authority as landman for the Pandem Oil Corporation to employ men to raise acreage, unless the Pandem tell me to do so. That is one of my duties. After I have received orders that they want a block of acreage, then, if necessary, I put men to work. After they have told me to get a block of acreage, I can hire men to do the work. I knew the Pandem was being benefited by McKinney's

work. * * * On behalf of the Pandem Oil Corporation I accepted that work McKinney did, and accepted the benefits for that work. I asked him to perform services, and he did so, but he has not been paid. * * * As landman, I am thoroughly familiar with the price for blocking acreage; $350 is not an unreasonable amount to charge for (appellee's) services and the use of his automobile. * * * I guess I acquiesced in hiring Mr. McKinney to do that work, and I guess I acquiesced in everything Harrison did, except pay McKinney. I never agreed to pay Mr. McKinney anything for his services."

[3-5] According to the recitals in the judgment, the recovery awarded appellee was on his implied contract. The finding of the court- in his favor being general, every issuable fact must be considered found in favor of such judgment, if there is any evidence to support such finding. In passing upon the sufficiency of the evidence to sustain each such finding, we must view the same in the light most favorable thereto, rejecting all evidence favorable to the opposite contention, and considering only the facts and circumstances which tend to sustain the judgment. Hines v. Kansas City Life Ins. Co. (Tex. Civ. App.) 260 S. W. 688, 690, and authorities there cited. The evidence, considered as a whole, was sufficient to justify a finding by the court that appellant, acting through its agent Vaughan, accepted appellee's services and received benefit therefrom in the amount recovered by appellee, with full knowledge of all the circumstances. 13 C. J. p. 240–242, §§ 7 and 8, and pages 244, 245, § 10; Buckler v. Kneezell (Tex. Civ. App.) 91 S. W. 367, 369 (writ refused); C. W. Hall & Co. v. Southland Immigration Ass'n, 53 Tex. Civ. App. 592, 116 S. W. 831, 834, 835 (writ refused); Suderman-Dolson Co. v. Hope (Tex. Civ. App.) 118 S. W. 216–218; Huff v. McMichael, 60 Tex. Civ. App. 379, 127 S. W. 574, 575; Barrow v. Booth (Tex. Civ. App.) 227 S. W. 1113; Frost v. Grimmer (Tex. Civ. App.) 142 S. W. 615, 617 (writ refused); Bonner v. Bradley, 14 Tex. Civ. App. 234, 36 S. W. 1014, 1015; Pierce v. Aiken (Tex. Civ. App.) 146 S. W. 950, 952.

[6] Appellant's eighth and last proposition presents as ground for reversal the action of the court in admitting, over the objection of appellant, testimony of appellee concerning a conversation had by him with Mr. Smith, president of appellant corporation, concerning his claim. The substance of such testimony was that appellee discussed the matter with Mr. Smith, and that he stated to appellee that he knew about appellee's claim, was sorry that the matter arose, and felt that appellee was entitled to a settlement, but that they had gone as far as they could to settle for Harrison, and there had to be a stopping place, and that Harrison had not dealt fairly with him. The objection to said testimony was that said conversation occurred in an effort to compromise. The evidence does not disclose any offer of compromise by either party in connection with such conversation, and appellant's objection to such testimony was properly overruled.

The judgment of the trial court is affirmed.