## GRAYBURG OIL CO. v. POWELL.

### No. 911.

Court of Civil Appeals of Texas. Waco.
Feb. 13, 1930.

Rehearing Denied March 27, 1930.

334

Ingrum & Smith, of San Antonio, for plaintiff in error.

W. W. Mason, of Mexia, for defendant in error.

STANFORD, J.

This suit was filed by N. P. Powell, defendant in error, against Grayburg Oil Company, plaintiff in error, upon account in the sum of $575, for fuel oil which had been furnished by the said N. P. Powell to the Oxford Oil Company, and which was used by the Oxford Oil Company in partially drilling a well on a lease owned by said Grayburg Oil Company in Limestone county. The evidence and issues made thereby will be more fully set out hereafter.

The Grayburg Oil Company answered by way of general demurrer and general denial. Upon a trial before the court without a jury, judgment was rendered for N. P. Powell, plaintiff in the trial court, for the amount sued for. Plaintiff in error, Grayburg Oil Company, perfected its appeal and presents the record here for review.

Plaintiff presents one assignment of error, to the effect that the evidence was insufficient to support the judgment rendered by the trial court. The record shows that the Grayburg Oil Company owned an oil lease in Limestone county and entered into a contract with the Oxford Oil Company, by the terms of which said last-named company contracted to drill a well for said Grayburg Oil Company on its said lease. The Oxford Oil Company began the drilling of said well; the defendant in error, N. P. Powell, furnishing the fuel oil to be used by the said Oxford Oil Company in drilling said well. Before said well was completed, two suits were filed against the Oxford Oil Company for material furnished in drilling said well, and liens fixed on the machinery, etc., and the drilling by the Oxford Oil Company ceased and was shut down. The Grayburg Oil Company then sent two of its agents, to wit, W. A. Thompson, who was superintendent of production, and J. R. Klump, one of its adjusters, to Mexia, Tex., for the purpose of adjusting the claims of creditors of the Oxford Oil Company, so that the Grayburg Oil Company might take over the work and finish the drilling of said well. Said agents did adjust and settle the claims upon which suit had been filed, one of said claims being for over $1,000. Defendant in error, N. P. Powell, had furnished the Oxford Oil Company fuel oil to the amount of $575, while said company was drilling on said well and before its machinery was attached and the drilling stopped. Defendant in error could have attached the drilling rig and other machinery belonging to the Oxford Oil Company, or he could have fixed his lien on same, and thereby secured his claim, and would have done so, except for the fact that W. A. Thompson, one of said agents of the Grayburg Oil Company, entered into an agreement with the defendant in error, N. P. Powell, to the effect that if he would not sue and attach or fix any lien on the property of the Oxford Oil Company, and would furnish the Grayburg Oil Company fuel oil to finish said well, the Grayburg Oil Company would pay not only for the oil furnished the Grayburg Oil Company to finish said well, but would also pay for the oil that had been furnished the Oxford Oil Company. The defendant in error did in all respects comply with his part of said agreement, but, while the Grayburg Oil Company did pay for the oil furnished it, said company refused to comply with its agreement by paying for the fuel oil furnished the Oxford Oil Company, and said company soon thereafter disposed of its property and became insolvent.

The principal contention of the plaintiff in error is that neither of its agents sent to Mexia for the purpose of adjusting the claims of the creditors of the Oxford Oil Company, and taking over and finishing said well, had any authority to make the contract assuming the payment of said $575. The Grayburg Oil Company was and is a Texas corporation, with its office and place of business at San Antonio, Tex. F. L. Thompson was its president, and W. A. Thompson, his brother, was a stockholder in said company, and was also superintendent of production of the Grayburg Oil Company, and had been occupying the position of assistant superintendent and superintendent of production for five years. That the said W. A. Thompson was sent to Mexia for the express purpose of taking over and completing the well which had been start-

ed by the Oxford Oil Company is not questioned, but is admitted by all parties. That the claims for labor and material due by the Oxford Oil Company would have to be satisfied before the well and work could be taken over by any one must have been understood by the Grayburg Oil Company, and also its agents, W. A. Thompson and J. R. Klump, for two suits had already been filed and liens fixed, and defendant in error was prepared to file and fix a lien to secure his claim. J. R. Klump, it appears, was sent with W. A. Thompson to Mexia for the express purpose of adjusting claims which had been or could be made liens against the work or drilling machinery of the Oxford Oil Company. We think there can be no question of the authority of J. R. Klump to settle said claims, and it seems the first thing said agents did after getting to Mexia was to go to work to get the claims for labor and material settled. They settled or paid off the two claims upon which suits had been filed and liens fixed, and contracted with defendant in error to pay his claim for $575, or at least W. A. Thompson did, with the consent and acquiescence of J. R. Klump. The evidence clearly shows that as soon as the claims against the Oxford Oil Company were adjusted or paid off, the said W. A. Thompson, as agent for the Grayburg Oil Company, took charge of the drilling of said well and continued in charge of the work until its completion, using the same machinery which had formerly belonged to the Oxford Oil Company. The said W. A. Thompson, as such agent, had the entire charge and management of the completion of said well, employing the labor, buying the supplies, superintending the work, etc., until the well was completed. We think there is ample evidence, direct and circumstantial, from which the court was authorized to find that W. A. Thompson and J. R. Klump, agents for the Grayburg Oil Company, had express authority as such agents to make the contract obligating the Grayburg Oil Company to pay the claim for which this suit was brought. Buck v. De Shazo (Tex. Civ. App.) 5 S.W.(2d) 878 (writ dismissed); Pandem Oil Corp. v. McKinney (Tex. Civ. App.) 3 S.W.(2d) 466; Austin, etc., v. Cochran (Tex. Com. App.) 2 S.W.(2d) 831.

We think further, if W. A. Thompson and J. R. Klump did not have express authority, as agents of the Grayburg Oil Company, to make the contract with defendant in error to assume the payment of his claim against the Oxford Oil Company, said agents did have implied authority to do so. Said agents were sent to Mexia for the express purpose of settling the claims of employees of the Oxford Oil Company and taking over and completing said well. Said agents could not complete said well unless they could get possession of it; they could not get possession of it until they paid off or otherwise adjusted or disposed of said claims; so, in order to get possession of said unfinished well, said agents did settle the two claims upon which suits had been filed and liens fixed, and also agreed with defendant in error to assume the payment of his claim, he, in consideration thereof, agreeing to waive his right to fix a lien on the property of said Oxford Oil Company and also to furnish fuel oil to the Grayburg Oil Company until said well was finished. We think the instructions of the Grayburg Oil Company to W. A. Thompson, its superintendent of production, to proceed to Mexia, Tex., and to take charge of said well and finish same, carried with said instructions the implied authority to do what was necessary to be done by Thompson in order to get possession of and complete said well. The record shows the Grayburg Oil Company paid off all contracts and obligations created by Thompson, except this one. He was the agent and representative of the Grayburg Oil Company at Mexia, he superintended the completion of said well, employed the labor, bought the fuel and material, and had complete control over all work done by the Grayburg Oil Company in that territory.

Even if W. A. Thompson did not have the authority to make the contract involved, as he was the agent of plaintiff in error, and did make said contract as such agent, and by his voluntary acts and conduct induced defendant in error to believe that he did have the authority to make said contract, and as plaintiff in error received and accepted the benefits of said contract, it is estopped to deny the authority of its said agent to make same. At the time the contract in question was made, the Oxford Oil Company was indebted to defendant in error in the sum of $575 for fuel oil he had furnished the Oxford Oil Company in drilling said well to its then depth. At this time the drilling machinery was still on the ground, and belonged to the Oxford Oil Company, and had been attached by two creditors of said company, and so the drilling had been shut down. The Grayburg Oil Company, the owner of the lease, was vitally interested in having said well completed; but it knew it could not take over and complete said well without first satisfying the claims for labor and material against the Oxford Oil Company, so it sent its adjuster to settle said claims and at the same time sent its superintendent of production to take over and complete the well. The adjuster, J. R. Klump, did settle the two claims upon which suits had been filed, and W. A. Thompson, who was to take over and complete the well, did adjust the claim of defendant in error by agreeing with him that the Grayburg Oil Company would pay his claim and in consideration therefor, defendant in error would waive his right to sue and attach the property of the Oxford Oil Company, and his right to fix a materialman's lien on said property, and de-

fendant in error would also furnish the Grayburg Oil Company fuel oil to be used in finishing said well. Both parties to this contract recognized its validity and carried out same as to the additional fuel oil to be furnished, but plaintiff in error refused to perform the part requiring it to pay the $575 that was a claim against the Oxford Oil Company. The effect of this contract, if the contention of the Grayburg Oil Company were sustained, would be to cause a loss to defendant in error of $575 and enable plaintiff in error to reap a reward of the same amount. Except for the fact defendant in error waived his right to enforce payment of his claim out of the property of the Oxford Oil Company, he could and doubtless would have collected same, and plaintiff in error, in order to take over said well and complete same, would have been compelled to pay $575 more than it did pay. It is elementary that a principal cannot affirm a contract made by his agent wherein it is advantageous to him and repudiate it wherein it is not so. We think there is evidence, considering all the circumstances, that W. A. Thompson had the authority to make the contract in question; but if he did not have such authority, plaintiff in error, by all its acts and conduct, is estopped to claim otherwise.

The trial court rendered the proper judgment, and it is hereby affirmed.