NO. 07-07-0033-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 29, 2009

_____


FELIPE G. VARGAS, JR., APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-411108; HON. BRADLEY S. UNDERWOOD, PRESIDING

_____

Before CAMPBELL and PIRTLE, JJ., and BOYD, S.J.[1]


**MEMORANDUM OPINION**


In this appeal, and in one issue, appellant Felipe G. Vargas, Jr., contends that his conviction of aggravated sexual assault after a plea of guilty, and the resulting sentence of fifteen years confinement in the Institutional Division of the Texas Department of

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon 2005).

Criminal Justice must be reversed and the prosecution dismissed. Disagreeing that reversal is required, we affirm the judgment of the trial court.

In his issue, appellant contends that the Lubbock County District Attorney was collaterally estopped from proceeding with the underlying prosecution. That contention requires us to recount the background history leading up to the plea of guilty. On July 6, 2004, appellant was convicted of aggravated assault and was placed on probation for a period of ten years. Subsequently, on January 10, 2006, his probation was revoked and he was ordered to serve the ten-year sentence and, in addition, to pay a fine of $2,000.

In paragraphs (1) through (1e) of the application to revoke probation, the incidents leading to the instant guilty plea were alleged with numerous other grounds, as bases for revocation. However, in the judgment revoking probation, although it specifically found the other allegations to be true, the court made no findings in connection with the allegations contained in paragraphs (1) through (1e).

## Discussion

In the seminal case of *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970), collateral estoppel was defined to mean "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." In the criminal law context, collateral estoppel is a right protected by the Fifth Amendment to the Federal Constitution and is applicable to the individual states. *State v. Smiley*, 943 S.W.2d 156, 161 (Tex. App.–Amarillo 1997, no pet.) (Boyd, J., dissenting). The doctrine is not to be applied hypertechnically, but requires that the reviewing court examine the record to determine what issues have been foreclosed between the parties. *Ex parte Tarver*, 725 S.W.2d 195,

2

198 (Tex. Crim. App. 1986). In performing our task here, we must first inquire what facts were necessarily determined in the first proceeding, and, second, whether in the guilty plea under review here, the State has tried to re-litigate facts necessarily established in the revocation proceeding. *Ex parte Culver*, 932 S.W.2d 207, 212 (Tex. App.–El Paso 1996, pet. ref'd). Facts established in the first proceeding may not be used in the second proceeding either as ultimate or evidentiary facts. *Id.* This rule is applicable regardless whether the proceeding reviewed was a formal criminal trial or, as here, a motion to revoke probation. *See Ex parte Tarver*, 725 S.W.2d at 198-99.

Before collateral estoppel is applicable, there must be a fact finding that illustrates the basis for the court's decision. *Wafer v. State*, 58 S.W.3d 138, 141 (Tex. App.–Amarillo 2001, no pet.). Thus, in this case, we must determine if a fact issue necessary to the instant prosecution has already been determined in a valid and final judgment between the same parties, that is, whether the State is now trying to relitigate that same fact issue. *Ex parte Tarver*, 725 S.W.2d at 199.

In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). Proof of any one alleged violation is sufficient to support an order revoking community supervision. *O'Neal v. State*, 623 S.W.2d 660, 661 (Tex. Crim. App. 1981). In such a proceeding, the determinative question is whether the individual under supervision violated one or more terms of his supervision and is not whether an individual is guilty beyond a reasonable doubt of any offense alleged in the motion to revoke. *Kelly v. State*, 483

3

S.W.2d 467, 469-470 (Tex. Crim. App. 1972); *Duke v. State*, 2 S.W.3d 512, 516 (Tex. App.–San Antonio 1999, no pet.).

At the revocation hearing with which we are concerned, the State presented evidence of various technical violations of appellant's community supervision and did present some limited evidence of a sexual assault committed upon K.K., a child under the age of fourteen and the child involved in the guilty plea conviction with which we are concerned here. Those allegations were contained in paragraphs (1) through (1e) of the State's amended application to revoke community supervision. At the close of the revocation hearing, the trial court ruled upon the allegations in the State's motion. With regard to the allegations concerning any assaults upon the child in question here, the defense attorney asked, ". . . just for verification, you did not make a finding of true, then, on any of the 1 allegations [those concerning K.K.], is that correct?" The trial judge specifically iterated, "I found that, beginning with 2 and going through 4(h), including everything between 2 and 4(h), that the allegations were true by a preponderance of the evidence and beyond a reasonable doubt."

Our examination of the record demonstrates that appellant has not shown the elements requisite to a collateral estoppel of these proceedings. Specifically, there is nothing in the record to show the revocation judge considered the facts relating to the sexual assault at all. Indeed, the judge specifically refrained from making a finding as to those allegations. Thus, no fact issue as to the sexual assault was determined, either in the State's favor or against it, and the decision to revoke appellant's community supervision clearly was not predicated upon the sexual assault allegations.

4

Accordingly, appellant's sole issue on appeal is overruled, and the trial court's judgment is affirmed.


John T. Boyd
Senior Justice

Do not publish.