

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Syrian E. Marbut
County Attorney
Lubbock County
Lubbock, Texas

Dear Sir:

Opinion No. 0-7357
Re: Temporary investment
    of proceeds of court-
    house and jail bonds
    in U. S. Government
    bonds.

We have before us your letter of August 15, 1946, in which you ask the opinion of this department on the question whether the proceeds derived from the sale of Lubbock County Courthouse and Jail Building Bonds may temporarily be invested in United States Government Bonds until such time as building conditions improve.

Article 708b, Vernon's Statutes, provides as follows:

"That any political subdivision of the State of Texas which heretofore has issued and sold bonds and is unable to obtain labor and materials to carry out the purpose for which the bonds were issued may invest the proceeds of such bonds now on hand in defense bonds or other obligations of the United States of America; provided, however, that whenever war time or any other regulations shall permit such political subdivisions to acquire the necessary labor and materials, the obligations of the United States in which said proceeds are invested shall be sold or redeemed and the proceeds of said obligations shall be used for the purpose for which the bonds of any such political subdivision were authorized. Acts 1943, 48th Leg., p. 211, ch. 131, § 2." (Emphasis added)

It will be noted that the words "heretofore" and "now on hand" are used. An examination of the original act reveals that the same words are used in the caption, and also that the emergency clause provides in part: "The fact that many political subdivisions of the state have issued and sold bonds . . ." (Emphasis added).

It is obvious, therefore, that the act applies only to the proceeds of bonds which were issued and sold prior to the effective date of the act (April 12, 1943). As the bonds under consideration were issued and sold in 1946, it is evident that the provisions of Article 708b are not applicable.

You are advised that we find no provision in law authorizing the investment of the proceeds of these bonds in United States Government bonds. We quote the following from our Opinion No. O-4746:

"It is a fundamental principle of law that the proceeds derived from the sale of bonds must be devoted to the purpose for which the bonds were issued, and not otherwise. Beaumont v. Matthew Cartwright Land Co., 224 S. W. 539 (Error refused); Simpson v. City of Nacogdoches, 152 S. W. 858; Aransas County v. Coleman-Fulton Pasture Company, 191 S. W. 554; Lewis v. City of Fort Worth, Texas, 89 S. W. (2d) 975."

You are, therefore, advised that the Commissioners' Court of Lubbock County is without authority to invest the proceeds derived from the sale of the Lubbock County Courthouse and Jail Building Bonds in United States Government Bonds.

Very truly yours

APPROVED AUG 29 1946

/s/ Carlos C. Ashley

FIRST ASSISTANT
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By  /s/ George W. Sparks
George W. Sparks
Assistant

GWS-bw-lm

APPROVED
OPINION
COMMITTEE
BY /s/ BWB
CHAIRMAN